CHARLES PATTERSON, EMPLOYEE, v. L. M. PARKER & COMPANY,
EMPLOYER, NON-INSURER
No. 68SC80

(Filed 14 August 1968)

1. **Master and Servant § 96— Industrial Commission — review — conclusiveness of jurisdictional facts**

    The Industrial Commission's findings of jurisdictional facts are not conclusive on appeal to the Superior Court, even though they may be supported by competent evidence.

2. **Master and Servant § 96— Industrial Commission — improper findings of jurisdiction — duty of reviewing court**

    Where the judge is of the opinion, upon a fair and impartial consideration of the evidence in the record, that the Commission's findings of jurisdictional facts lead to an improper assumption or rejection of jurisdiction by the Commission, he has the duty to make independent findings of jurisdictional facts and to set them out in the judgment.

3. **Master and Servant § 96— review — adoption of Commission's jurisdictional findings**

    If a party to the proceedings requests the court to make independent findings of jurisdictional facts, it is error for the court to fail to do so; but if the court's findings are in agreement with the Commission's, he may by reference thereto in the judgment adopt them as his own.

4. **Master and Servant § 97— judgment of Superior Court — conclusiveness of jurisdictional findings on appeal**

    If the independent findings of fact of the trial court relating to the jurisdiction of the Industrial Commission are supported by competent evidence, and if the findings support his conclusions of law, they are binding on appeal.

5. **Master and Servant § 48— employers subject to the Act — five or more employees — sufficiency of evidence**

    Jurisdictional findings of fact by the Superior Court that during at least twenty-eight weeks of a 44-week period the defendant had less than five employees, that during the remaining sixteen weeks of the period the defendant paid more than four persons during each weekly pay period but that many of the persons worked only a few hours or days during the total 44 week period and not on a regular basis, and that on the date of the plaintiff's accident and injury, and for a period of six weeks prior thereto, the defendant had four or less employees, *are held* supported by sufficient and competent evidence.

6. **Master and Servant § 48— employers subject to the Act — five or more employees**

    If an employer does not "regularly employ" five or more employees, he is not subject to the Workmen's Compensation Act. G.S. 97-2(1), G.S. 97-13.

**7. Master and Servant § 48— definition of "regularly employed"**

The term "regularly employed" connotes employment of the same number of persons throughout the period with some constancy.

**8. Master and Servant § 48— insufficiency of findings to subject employer to jurisdiction of the Act**

There are insufficient facts to indicate the employment of five or more employees with sufficient constancy or regularity so as to bring an employer under the provisions of the Act where the findings of fact are to the effect that (1) during at least twenty-eight weeks of a 44-week period prior to the accident the employer had less than five employees, (2) that during the remaining sixteen weeks of the period the defendant paid more than four persons during each weekly pay period but that many of the persons worked only a few hours or days during the total 44-week period and not on a regular basis, and (3) that on the date of the plaintiff's accident and injury, and for a period of six weeks prior thereto, the defendant had four or less employees.

APPEAL by plaintiff from *Godwin, J.*, January 1968 Non-Jury Assigned Civil Session, WAKE Superior Court.

Plaintiff was injured on 22 December 1965. It was stipulated that he was injured as the result of an accident arising out of and in the course of his employment with defendant. Plaintiff filed a claim with the North Carolina Industrial Commission. When the case came on for hearing before Deputy Commissioner Dandelake, the defendant, at the end of plaintiff's evidence, moved for dismissal for lack of jurisdiction, contending that plaintiff had the burden of showing that defendant is covered by the Act and that he had not borne the burden of showing that defendant had as many as five employees regularly employed. The deputy commissioner did not rule on the motion, and defendant presented his evidence. The deputy commissioner filed an opinion and award finding that "defendant regularly employed five or more employees in the same business or establishment". Based thereon he concluded that defendant was subject to and bound by the Act and was non-insured. Upon appeal to the Full Commission, the findings of fact, conclusions of law, and award of the deputy commissioner were adopted by the Full Commission and defendant's exceptions overruled. Defendant appealed to the Superior Court and Judge Godwin, after reviewing the record, made independent findings of fact and conclusions of law. Based on his findings of fact he concluded that the North Carolina Industrial Commission has no jurisdiction over the matter because, "at the time of plaintiff's injury, defendant regularly employed less than 5 employees and the defendant was not subject to or bound by the provisions of the Workmen's Compensation Act". From judgment entered in accordance therewith, plaintiff appeals.

*Manning, Fulton and Skinner by Jack P. Gulley and Howard E. Manning for plaintiff appellant.*

*Purrington, Joslin, Culbertson and Sedberry by Charles H. Sedberry for defendant appellee.*

MORRIS, J.

**[1-3]** It is now well established that the Industrial Commission's findings of jurisdictional facts are not conclusive on appeal to the superior court, even though they may be supported by competent evidence. In *Askew v. Tire Co.*, 264 N.C. 168, 141 S.E. 2d 280, Justice Moore, after considering and discussing the cases interpreting and applying the rule, set out certain principles; among them, this:

> "Where the judge is of the opinion, upon a fair and impartial consideration of the evidence in the record, that the Commission's findings of jurisdictional facts lead to an improper assumption or rejection of jurisdiction by the Commission, he has the duty to make independent findings of jurisdictional facts and to set them out in the judgment."

If a party to the proceedings requests the court to make independent findings of jurisdictional facts, it is error to fail to do so; but if the court's findings are in agreement with the Commission's, he may by reference thereto in the judgment adopt them as his own. *Askew v. Tire Co., supra.* The trial court made independent findings of jurisdictional facts which are not in agreement with the facts found by the Industrial Commission.

The sole question before us on appeal, therefore, is whether, at the time of plaintiff's injury, defendant regularly employed five or more persons and was subject to and bound by the Workmen's Compensation Act.

The sections of the Act with which we are concerned are these:

> "§ 97-2(1)  Employment. — The term 'employment' includes employment by the State and all political subdivisions thereof, and all public and *quasi*-public corporations therein and all private employments in which five or more employees are regularly employed in the same business or establishment, except agriculture and domestic services, and an individual sawmill and logging operator with less than ten (10) employees, who saws and logs less than sixty (60) days in any six consecutive months and whose principal business is unrelated to saw milling or logging."

"§ 97-13 *Exceptions from provisions of article.* —. . . (b) Casual Employment, Domestic Servants, Farm Laborers, Federal Government *(sic)* Employer of Less than Five Employees. — This article shall not apply to casual employees, farm laborers, federal government employees in North Carolina, and domestic servants, nor to employees of such persons, nor to any person, firm or private corporation that has regularly in service less than five employees in the same business within this State, except that any employer without regard to number of employees, including an employer of domestic servants, farm laborers, or one who previously had exempted himself, who has purchased workmen's compensation insurance to cover his compensation liability shall be conclusively presumed during life of the policy to have accepted the provisions of this article from the effective date of said policy and his employees shall be so bound unless waived as provided in this article."

The trial court found as facts the following:

"1. The defendant, L. M. Parker and Company is a sole proprietorship, owned and operated by L. M. Parker. The company is engaged in the cotton and fertilizer business. The plaintiff was an employee of L. M. Parker and Company, and was in regular employment, during the period beginning with the week ending October 9, 1965 and ending on December 22, 1965, and the plaintiff was engaged to work in the office of L. M. Parker and Company in a clerical and supervisory capacity. That the plaintiff, while an employee of the Company, incurred the injury which is the subject of this case on December 22, 1965.

2. That during the 44 week period from March, 1965 through December, 1965, the defendant had less than 5 employees during at least twenty-eight weeks. That during the remaining sixteen weeks of said period, the defendant paid more than 4 persons during each weekly pay period, but many of the persons paid by defendant worked only a few hours or days during the total 44 week period and did not work for defendant on a regular basis throughout the period; and that during the period from March, 1965 through December, 1965, the defendant regularly employed in his business 4 or less employees. That from November 6, 1965 through December, 1965, the defendant had 4 or less employees at any time; that defendant uttered and delivered a check in the sum of $15.00 to James Watson, a former employee of the defendant, in the week ending December 4, 1965; that the said James Watson became partially paralyzed

on October 5, 1965, and did not work for fifteen months thereafter, and was not in the employ of defendant during said term, and that checks made payable to Watson by defendant after the week ending October 9, 1965 were a gratuity and not in payment for labor performed in the defendant's business.

3. That at the time of the accident and plaintiff's complained of injury on December 22, 1965, the defendant had 4 employees only, and that during each of the weeks ending November 13, 20, 27 December 4, 11, and 18 and during the week ending December 25, the defendant had four or less employees."

From the foregoing findings of fact, the court made the following conclusions of law:

"1. That at the time of the plaintiff's injury, the defendant regularly employed less than 5 employees and the defendant was not subject to or bound by the provisions of the Workmen's Compensation Act.

2. That the North Carolina Industrial Commission does not have jurisdiction over this case.

3. That the opinion and award of the North Carolina Industrial Commission entered on July 3, 1967 in this case should be reversed and the judgment, based on said order of the North Carolina Industrial Commission, entered on July 11, 1967 in the Wake County Superior Court by the Honorable Harry E. Canaday, Superior Court Judge, should be vacated."

[4] If the findings of fact of the trial court are supported by competent evidence, and if they support his conclusions of law, we are bound by them. See *Hart v. Motors*, 244 N.C. 84, 92 S.E. 2d 673; *Richards v. Nationwide Homes*, 263 N.C. 295, 139 S.E. 2d 645.

[5] The payroll records and canceled checks to employees show that during the period from March 1965 through December 1965, there were 28 weeks during which defendant paid less than five employees. During that period there were 16 weeks during which defendant paid five or more employees. Plaintiff testified that in his opinion the business required one person to operate the fork lift, one to weigh and tag, one or two to do the sampling, one to bale, and at least one and sometimes two in the office, but that the number varied. Defendant testified he never had more than four employees at any one time; that he normally had no reason to have any use for over four; that he didn't have jobs for but four people; that he needed a man in the office, a man to operate the fork lift and two others; that the same employee could do two or more jobs; that although he

might have at times written payroll checks to as many as seven people for a week, they were not all employed at the same time and some of them would work a few hours and he would not see them again; that he knew that one employee to whom he paid wages during the period was regularly employed by someone else and had worked for a few hours; that he had only enough office work for one man. Plaintiff also testified on cross-examination that he and one other employee were paid a salary; that while he was employed some of the "guys" would come in for one day and he wouldn't see them anymore; that there was quite a turnover in labor; that some days defendant might have three people at work and some days he might have five; that it would vary.

We hold that there is sufficient evidence to support the findings of fact of the trial court.

Whether these facts bring defendant within the jurisdiction 'of the Workmen's Compensation Act is a more difficult problem.

[6]    If defendant did not "regularly employ" five or more employees, he is not subject to and bound by the Act. Our statute does not define "regularly employed". The evidence is undisputed that on the day the injury occurred defendant had less than five employees. We do not believe, however, that this alone is determinative. If the defendant had five or more "regularly employed" employees, the fact that he fell below the minimum requirement on the actual date of injury would not preclude coverage. Larson, *Workmen's Compensation Law,* Vol. 1A, § 52.20.

In defining the word "regular", Webster's Third New International Dictionary says: "Regular may imply conformity to a prescribed rule, standard, or established pattern." "Regularly" is defined therein as "in a regular, orderly, lawful, or methodical way."

The Connecticut Court has held that "regularly" means "in accordance with some constant or periodic rule or practice". *Jenkins v. Reichert et al,* 125 Conn. 258, 5 A. 2d 6. In applying this definition, the Court held that where seven employees were engaged at various times in construction work, but no more than four worked on any one day prior to claimant's injury, and those who worked irregularly were not under contract to work whenever they might be called, the employer regularly employed less than five persons and was not covered under the Act. *Schneider v. Raymond,* 103 Conn. 49, 130 A. 73.

[7]    We believe that the term "regularly employed" connotes employment of the same number of persons throughout the period

with some constancy. It would not seem that the purpose of the Act would be accomplished by making it applicable to an employer who may have had, in the total number of persons entering and leaving his service during the period, more than the minimum number required by the Act. Here, there was evidence that rarely did defendant have more than four employees on any one day, although at the end of some weeks his records showed that he paid more than four.

Plaintiff relies on the case of *Hunter v. Peirson*, 229 N.C. 356, 49 S.E. 2d 653. There the facts were that defendant was engaged in the general mercantile business which included selling fertilizer. The two decedents had been employed, when the business required, to handle the fertilizer and drive the truck to deliver it to the purchasers. The accident which resulted in the death of the decedents occurred on 15 March 1944. The decedents had been employed by defendant engaged in the hauling of fertilizer from the last of October, 1943, to the date of their death. The defendant admitted that the two were employed whenever a carload of fertilizer arrived. It also appeared that the decedents lived on defendant's farm and that in the late fall they were employed to haul farm produce and from early January they were employed to handle fertilizer and make deliveries. Defendant otherwise had three employees. He contended these two were not regularly employed but were casual labor and he came within that exception. The Court held that they were not casual labor and said:

> "The admitted employment of the decedents in the business of the defendant extended over a period of two months during which they worked, not by chance or for a particular occasion, but according to a definite employment, at stated wages, for a purpose in the usual course of defendant's business."

The Court upheld the ruling of the Commission that the defendant had five or more regular employees during the fertilizer season and was bound by the Act.

[8]   There the employment of the same two persons was constant throughout the period. We cannot say that the facts in the case *sub judice* meet that test. The record shows that certainly for six weeks prior to the claimant's injury and for the week of his injury, there were less than five employees each week. The facts do not indicate the employment by defendant of five or more employees with sufficient constancy or regularity to bring him under the provisions of the Act.

This case presents another instance in which the Court is called upon to construe a statute which should more appropriately be im-

proved by legislation. We refer particularly to the lack of a definition of "regularly employed" resulting in confusion as to coverage in seasonal employment situations.

For the reasons stated in this opinion the judgment of the trial court is

Affirmed.

Campbell and Britt, JJ., concur.