ALBERT RAY COUSINS, EMPLOYEE v. ALVIN S. HOOD, EMPLOYER

No. 703IC100

(Filed 27 May 1970)

Master and Servant § 48— employers subject to Compensation Act — regular employee — part-time employee

In this workmen's compensation proceeding, claimant's brother was a "regular employee" of defendant service station operator where he was employed eight days prior to the accident in question to keep one of defendant's stations open at night beyond regular hours to see if this would increase business at the station and had worked for two hours every evening during the eight days, notwithstanding he was a full-time state employee; consequently, defendant employer who also employed four full-time employees at his two service stations "regularly employed" five persons and was subject to the Workmen's Compensation Act.

APPEAL by Hood, Employer, from an Award of the North Carolina Industrial Commission.

Albert Ray Cousins (Albert), the employee, received injuries in the course of his employment on 15 April 1968 when an automobile on which he was working began to roll and crushed him against a workbench. He sustained a multiple fracture of the left femur from which he has not recovered and for which corrective surgery is required. A hearing was held in New Bern on 22 January 1969 by Deputy Commissioner Thomas. Deputy Commissioner Thomas denied compensation for lack of jurisdiction as he found that the defendant-employer did not have five regular employees on and prior to 15 April 1968. On appeal to the Full Commission it was held, "[t]he defendant employer did have five or more employees in his operation of his service stations on and prior to April 15, 1968, and the parties hereto are subject to and bound by the provisions of the North Carolina Workmen's Compensation Act. G.S. 97-2(1)."

The Full Commission thereupon entered an Award, from which Award Hood appealed to this Court.

*Robert G. Bowers for employee-appellee.*

*Dunn & Dunn by Raymond E. Dunn for employer-appellant.*

CAMPBELL, J.

The sole question before us on appeal is whether, at the time of Albert's injury, Hood regularly employed five or more persons and was subject to and bound by the Workmen's Compensation Act.

If Hood did not "regularly employ" five or more employees, he is not subject to and bound by the Act. The statute G.S. 97-2(1) does not define "regularly employed."

The undisputed evidence discloses that on 15 April 1968 and for sometime prior thereto Hood operated two automobile service stations. One was a Texaco station located on East Front Street in New Bern. The other was a Sinclair service station located in James City which was about one-fourth mile from the Texaco station. There were three full-time employees at the Texaco station, namely, Raymond Cumbo, Charles Whitehead and Jessie Whitehead. Albert operated the Sinclair station, but when additional help was needed there, one or more of the three regular employees at the Texaco station would come over and assist Albert at the Sinclair station.

Some eight days prior to Albert's injury on 15 April 1968, Hood employed Albert's brother, Earl Cousins, to keep the Sinclair station open at night beyond regular hours in an effort to see if this would increase business at that station. Earl had other employment as a full-time employee with the State of North Carolina. Pursuant to this arrangement, Earl worked two hours or so every evening during the eight days immediately prior to the date of the injury received by Albert.

Hood testified:

> "During the week or two before Albert got hurt Earl worked part of the day in the evening. I believe he worked every day during that time. He worked fairly regularly during that week or two weeks, whichever it was. He worked regularly during the day with the State."

Under the evidence of this case the decisive question is: On 15 April 1968, when Albert was injured, was Earl "regularly employed" by Hood?.

As stated in *Patterson v. Parker & Co.,* 2 N.C. App. 43, 48, 162 S.E. 2d 571 (1968) (Certiorari denied, 274 N.C. 379).

"We believe that the term 'regularly employed' connotes employment of the same number of persons throughout the period with some constancy. . . ."

In the instant case Earl had been working regularly eight days. There was no indication at the time of Albert's accident that the employment of Earl was to be terminated. His job was to keep the station open at night beyond the regular hours to see if this practice would result in more business at that station. The fact that Earl was also employed full time for the State of North Carolina is inconsequential. It did not prevent him from being one of the 5 regular employees of Hood.

We find no error in law in the opinion, findings and award of the Industrial Commission herein.

Affirmed.

PARKER and VAUGHN, JJ., concur.