Defendant has shown good cause in support of his Motion for Reconsideration, and it is HEREBY GRANTED. Therefore, the Full Commission AMENDS its 28 June 1996 Opinion and Award and RESCINDS Award Paragraph (6), Conclusion of Law (11) and the last sentence of Finding of Fact (11). The remainder of the Full Commission's 28 June 1996 Opinion and Award remains in full force and effect, with the final herein below.
* * * * * * * * * * *
The Full Commission has reviewed this matter based on the record of the proceedings before Deputy Commissioner Morgan S. Chapman, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence or receive further evidence regarding the issues on appeal from the Opinion and Award of Deputy Commissioner Chapman, or to amend her Opinion and Award, except for the additional Order section remanding this matter to a Deputy Commissioner.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the Stipulations contained in the parties' Pre-Trial Stipulations, dated 15 June 1995 and submitted at the hearing before Deputy Commissioner Chapman. Attached to the Stipulations were other documents also stipulated into evidence. These documents are incorporated herein by reference.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In 1993 defendant was self-employed operating Lunsford's Garage, a car repair shop. Plaintiff began working for defendant on 25 January 1993. At first he just answered the phone, ran errands, cleaned the premises and assisted the mechanics. Later he began to do some of the simpler mechanic work. Two other men worked for defendant as mechanics, Frank Spence and David Lunsford. David was defendant's brother and was not very reliable due to an alcohol problem. However, he was working on a regular basis during the period of plaintiff's employment and would work at least nine days per month, working some every week unless he went on vacation.
2. On 5 April 1993, plaintiff was in the process of removing the engine from a bus owned by defendant. Once the engine had been disconnected from most of the other parts within the engine compartment, plaintiff needed the engine lift, a hydraulic hoist, to take it out. The lift was in another part of the shop which was on a slightly different level from the area where plaintiff was working. There was a one and one-half to two inch ledge between the old and new sections of the shop with the floor where plaintiff was working being the higher side. Plaintiff went to where the lift was located and pushed it to the point where it had to go over the ledge. He tried to cock it back onto the back wheels in order to raise up the front, but it was too heavy. Consequently, he called for assistance.
3. Frank Spence came over to help plaintiff. He assumed that if he lifted the boom at the front of the lift that the entire front of the lift would raise up, so he began to lift the boom. However, only the boom itself went up and, in the process of lifting it, he caused the arm which held up the boom to become disengaged from the support post, so when he began to lower it continued to drop down beyond the point where it had previously been suspended. Plaintiff was holding the support post right below the point where it hinged with the boom and was watching the front wheels of the lift so he could push it forward as soon as the wheels were high enough to clear the ledge. Consequently, he was unaware that Frank let go of the boom in order to reach down to pick up the base of the lift.
4. The boom fell down against the support posts causing several of plaintiff's fingers to become pinched between the metal pieces. He sustained crush injuries to his left index and long fingers and to his right index and long fingers. He was taken to the emergency room where Dr. Bruch assumed his care. Dr. Bruch performed surgery that day to repair the damage to the fingers and to amputate the left index finger through the middle phalanges. He followed plaintiff's recovery and later referred him to therapy.
5. Plaintiff was able to return to light work with defendant on 11 May 1993 and he worked full-time answering the phone and running errands until 21 May 1993. Defendant then only provided part-time work for him through 23 July 1993. He earned $200.00 per week from 22 May through 18 June 1993, $150.00 per week from 19 June through 9 July 1993 and $100.00 per week from 10 July through 23 July 1993. Thereafter, no light-work was provided, although defendant did pay compensation to him for three weeks in the amount of $167.00 per week.
6. On 14 September 1993, Dr. Bruch released plaintiff from care and rated his condition for permanent impairment.
7. On 5 April 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. The fact that the boom to the engine lift was dropped and crushed his fingers constituted an unusual occurrence which interrupted his regular work routine.
8. Defendant did not prove that plaintiff was under the influence of a controlled substance on 5 April 1993, when this injury occurred. The evidence only indicates a history of prior use of marijuana. No one observed plaintiff smoking marijuana on the occasion in question or acting in such a way to imply that he was impaired. No tests were offered which would demonstrate that he was under the influence of an illegal substance. Furthermore, the nature of the injury was such that even if he had used marijuana, the injury would not have been a proximate result of his use of the drug. His injury was due to the actions of someone else.
9. Although plaintiff was temporary totally disabled from April 6 through May 11, 1993 as a result of this injury, defendant continued to pay him his salary through that time. He was partially disabled from 12 May through 23 July 1993 and then was totally disabled from 24 July 1993 through 31 August 1993 when defendant would not provide suitable light work. Dr. Bruch released him to return to regular work on 1 September 1993.
10. As a result of this injury, plaintiff sustained 100% permanent partial disability to his left index finger, 35% permanent partial disability to his left long finger, 50% permanent partial disability to his right index finger and 10% permanent partial disability to his right long finger.
11. Defendant, Mike Lunsford d/b/a Lunsford's Garage, was uninsured on 5 April 1993, the date of plaintiff's injury by accident.
* * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As of 5 April 1993, defendant regularly employed three employees and was therefore subject to and bound by the provisions of the Workers' Compensation Act. G.S. § 97-2; G.S. § 97-13; Cousins v. Hood, 8 N.C. App. 309,174 S.E.2d 297 (1970).
2. On 5 April 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2 (6).
3. Plaintiff is entitled to compensation at the rate of $166.67 per week for five and four-sevenths weeks for the temporary total disability he sustained as a result of this injury by accident. However, defendant is entitled to a credit in the amount of $501.00 for compensation previously paid for that period. G.S. § 97-29; G.S. § 97-42.
4. Plaintiff is entitled to compensation in the amount of $533.33 for the temporary partial disability he sustained between 22 May 1993 when his wages were first reduced, and 23 July 1993. This compensation represents two-thirds of the difference between his former average weekly wage of $250.00 and the amounts he was able to earn during that period. G.S. § 97-30.
5. Plaintiff is entitled to compensation at the rate of $166.67 per week for forty-five weeks for the 100% permanent partial disability of the left index finger he sustained as a result of this injury by accident. G.S. § 97-31 (2).
6. Plaintiff is entitled to compensation at the rate of $166.67 per week for fourteen weeks for the 35% permanent partial disability to the left long finger he sustained as a result of this injury by accident. G.S. § 97-31 (19).
7. Plaintiff is entitled to compensation at the rate of $166.67 per week for 22.5 weeks for the 50% permanent partial disability of the right index finger he sustained as a result of this injury by accident. G.S. § 97-31 (2), (19).
8. Plaintiff is entitled to compensation at the rate of $166.67 per week for four weeks for the 10% permanent partial disability to the right long finger he sustained as a result of this injury by accident. G.S. § 97-31 (3), (19).
9. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. G.S. §97-2 (19); G.S. § 97-25.
10. Defendant did not prove that this injury was a proximate result of plaintiff's having been under the influence of a controlled substance. G.S. § 97-12.
* * * * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $166.67 per week for five and four-sevenths weeks for his temporary total disability, but subject to a credit in the amount of $501.00 for compensation previously paid. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall pay compensation to plaintiff for temporary partial disability in the amount of $533.33 subject to the attorney's fee hereinafter approved.
3. Defendant shall pay compensation to plaintiff at the rate of $166.67 per week for 85.5 weeks for his permanent partial disability. This compensation has also accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
4. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
5. An attorney's fee in the amount of twenty-five percent of the net compensation awarded is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Horn.
6. Defendant shall pay the costs.
* * * * * * * * * * *
ORDER
The matter is hereby REMANDED to a Deputy Commissioner for a hearing in due course on the issues of whether defendant has been, or is in compliance with the Act and whether a penalty pursuant to G.S. §97-94 should be assessed.
 S/ ____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ____________________ DIANNE C. SELLERS COMMISSIONER