* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms with modifications, the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * * *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Defendant Wayne Woolard d/b/a Wayne's Tree Service is uninsured.
2. Defendant Wayne Woolard and Ken Curtis Properties are uninsured.
 3. Plaintiff's proposed issues are as follows: *Page 3 
 a. Whether the Industrial Commission retains jurisdiction over plaintiff's claim;
 b. Was plaintiff injured by accident while in the course and scope of his employment on or about October 27, 2005 as defined by N.C. Gen. Stat. § 97-2(6);
 c. To what indemnity benefits is plaintiff entitled;
 d. Is plaintiff entitled to ongoing medical treatment for injuries sustained in the alleged accident arising out of and in the course of his employment;
 e. Is plaintiff entitled to have medical bills paid for injuries sustained in the alleged accident arising out of and in the course of his employment; and
 f. Whether or not defendants have waived their right to contest the compensability of plaintiff's injury on October 27, 2005 pursuant to N.C. Gen. Stat. § 97-18(d), and is plaintiff entitled to reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 and Rule 802.
4. Defendant's proposed issues are as follows:
 a. Whether defendant Wayne Woolard d/b/a Wayne's Tree Service had regularly in service less than three employees in the same business within this state;
 b. Whether defendant is subject to the jurisdiction of the Industrial Commission; and
 c. Whether defendant is entitled to recover his reasonable costs and attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
The following exhibits were marked and received into evidence:
1. Stipulated Exhibit No. 1 — Pre-trial agreement;
2. Stipulated Exhibit No. 2 — IC forms and defendant's response to interrogatories with produced documents;
5. Plaintiff's Exhibit No. 1 — Wage verification form;
6. Plaintiff's Exhibit No. 2 — Medical records;
7. Plaintiff's Exhibit No. 3 — Photographs;
8. Defendant's Exhibit No. 1 — Hospital admission record;
9. Defendant's Exhibit No. 2 — Discharge summary;
10. Defendant's Exhibit No. 3 — Medical record with employer listed;
11. Defendant's Exhibit No. 4 — Calendar;
12. Defendant's Exhibit No. 5 — Timesheet;
13. Defendant's Exhibit No. 6 — Roberto's time record;
14. Defendant's Exhibit No. 7 — Nicholas Vasquez' time record;
 15. Defendant's Exhibit No. 8 — Troy Tew's time record; *Page 4 
16. Defendant's Exhibit No. 9 — Kim Shirley's time record;
17. Defendant's Exhibit No. 10 — Form 22;
18. Defendant's Exhibit No. 11 — 2002 Schedule C;
19. Defendant's Exhibit No. 12 — 2003 Schedule C;
20. Defendant's Exhibit No. 13 — 2004 Schedule C;
21. Defendant's Exhibit No. 14 — Steve Alligood's timesheet;
22. State's Exhibit No. 1 — James Williams 1099 for 2005 from Wayne Woolard d/b/a Wayne's Tree Service;
23. State's Exhibit No. 2 — James Williams 1099 for 2005 from Wayne Woolard Ken Curtis Properties;
24. State's Exhibit No. 3 — James Williams 1099 for 2005 for Tri-Star Aviation and Development; and
25. The deposition transcript from the October 17, 2006 deposition of Dr. Edward Birdsong was also received into evidence.
 * * * * * * * * * * *
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 29 years old and a resident of Beaufort County. He had completed the tenth grade of high school. Plaintiff testified that he worked for Wayne's Tree Service and worked 30 to 40 hours a week at an agreed upon salary of $300.00 per week for a 40 hour week. He testified that he averaged $215.00 to $275.00 per week, depending on the number of hours he worked. *Page 5 
2. Defendant Wayne Woolard is a resident of Beaufort County. He lives at 122 Catnip Point in Bath, North Carolina with his two minor children. Mr. Woolard is the sole proprietor of the business known as Wayne's Tree Service. The business is not a corporation or partnership and Mr. Woolard has the sole responsibility for its day-to-day operations. It has been his sole proprietorship since approximately 1975.
3. According to Mr. Woolard, the majority of the work of Wayne's Tree Service is consulting work done by himself in which no other persons are involved. The remaining work of the business involves cutting down trees, grinding stumps and debris removal. Workers are employed on an as-needed basis to assist with the physical labor involved in cutting down trees or grinding the stumps.
4. Mr. Woolard testified that Wayne's Tree Service does not employ regular or full-time workers in the course of its business and has no regular payroll. He pays the workers in cash on an hourly basis for the time actually worked. He does not have weekly salaries or a weekly payroll. According to Mr. Woolard, when work is available, he searches for a worker to help him, generally by word of mouth or by asking at a store in the community. He does not regularly employ more than two workers at any one time to assist him in his tree cutting business. His labor force comes and goes on an as needed basis when a job is available and he does not have regular employees on his payroll.
5. Mr. Woolard is one of two corporate officers and shareholders in a corporation known as Tri-Star Aviation and Development, Ltd. and also a partner in a rental real estate partnership with Ken Curtis. Mr. Woolard is the person primarily in charge of these entities, which are unrelated to Wayne's Tree Service and the business of Wayne's Tree Service. On *Page 6 
occasions, Mr. Woolard also finds and uses part-time or pick-up laborers to do work on behalf of or for these other entities, and these entities are responsible for the paying of such laborers.
6. According to Mr. Woolard, he maintained records of the amounts paid to workers on a calendar along with the days actually worked for Wayne's Tree Service or one of the other business entities in which he was involved. Mr. Woolard maintained this information on his yearly calendars. The entry "WTS" indicates Wayne's Tree Service work and worker payments for that day. Other initials are used to show Tri-Star (TS) and Wayne Woolard Ken Curtis (WK) work and worker payments. Mr. Woolard has used his calendars to keep records of workers and wages for years prior to 2005. As he testified, Mr. Woolard usually made the entries on the calendar in the evening of the days as shown on the calendar. Mr. Woolard produced calendars and summaries for years 2003, 2004, and 2005 indicating the consistent manner of his record keeping for workers and work long before plaintiff did any work with any of the entities in which Mr. Woolard was involved. The records before 2005 are consistent with the 2005 record and reveal Wayne's Tree Service never had more than two employees at any time and that it never engaged three or more employees in regular service.
7. On October 27, 2005, plaintiff was employed by Wayne's Tree Service to assist in cutting trees and limbs, chipping, stump grinding, and driving and using a bucket truck. Plaintiff testified he started the month before his August birthday in 2005, which indicates a beginning date with Wayne's Tree Service in July 2005. Mr. Woolard testified that July 2005 was the first time plaintiff did any labor for Wayne's Tree Service. The Form 22 in the record and Mr. Woolard's calendar record indicate July 15, 2005 as the first date of work.
8. On October 27, 2005, plaintiff sustained an injury by accident to his right hand arising out of and in the course of his employment with defendant Wayne Woolard d/b/a *Page 7 
Wayne's Tree Service. Plaintiff was injured while cutting a tree limb with a chainsaw. He lost control of the limb; hit his arm on the chainsaw, which sliced into his right wrist area causing a deep and severe laceration described as a near amputation. This was the last day plaintiff worked for Wayne's Tree Service.
9. On October 27, 2005, Rigoberto Hernandez, who was also known as Roberto or Alberto was the only other employee of Wayne's Tree Service. Although other people worked for Wayne's Tree Service during 2005, there is no evidence that there were ever three or more employees in regular service for Wayne's Tree Service at any time.
10. At the hearing before the Deputy Commissioner, plaintiff testified that he worked five days a week and had been on numerous jobs for Wayne's Tree Service, but he offered no credible evidence that there were ever three or more workers employed with Wayne's Tree Service during his period of work. His initial medical records show that he told the health care providers he was "self-employed" or employed by "Bobby Edwards Brick Masion" (sic). Plaintiff also introduced a document into evidence entitled Wage Verification Form that he submitted to Beaufort County Department of Social Services in November 2005 that contradicts his claim of working five days per week.
11. In his testimony, plaintiff acknowledged that workers came and went. He admitted that a worker he identified as Steve Alligood left before a worker he identified as Nicholas came to work. Mr. Woolard's records indicate a person named Nicholas Vasquez did work for and was paid by Tri-Star at the same time plaintiff worked for Tri-Star on October 3, 4, 5, 11, 12, and 13 in 2005. The calendar records also indicate a worker "S," indicating Steve was paid for work on behalf of Wayne Woolard and Ken Curtis (WK) on August 10, 11, 12 and on behalf of Tri-Star on August 15, 16, and 17 in 2005, which are the same dates shown for *Page 8 
plaintiff's work on behalf of those same entities. Plaintiff and Rigoberto also worked for Tri-Star on October 17, 18, and 19.
12. Plaintiff, Mr. Vasquez, and Mr. Alligood all worked for Tri-Star under the direction of Wayne Woolard, who gave them their assignments and paid them by the hour. The evidence reveals and the Full Commission finds they were employees of Tri-Star and not independent contractors. Mr. Woolard testified that Tri-Star has two corporate officers. Including Tri-Star's corporate officers, defendant's Exhibit No. 4 shows that Tri-Star had three or more employees on at least 12 days in August and October of 2005. Tri-Star did not have workers' compensation insurance to cover its employees during this period of time.
13. Although there appears to be at least 12 days in which Tri-Star Aviation and Development, Ltd. had three or more employees, from review of the records and calendars received into evidence, there is no competent evidence to show that Tri-Star regularly employed the same number of persons throughout the period with some constancy.
14. The Full Commission finds that even though the work available with Wayne's Tree Service was not steady or frequent for any worker and was not of a nature conducive to keeping a regular labor force since the workers would come and go, the employees would not be considered casual employees due to the fact that they were employed to work specifically in the trade, business, profession or occupation of Wayne's Tree Service.
15. Considering the evidence in its entirety, the Full Commission finds that Wayne Woolard d/b/a Wayne's Tree Service and Tri-Star Aviation and Development, Ltd. did not regularly employ three or more employees.
16. Given the manner in which employee records were kept by defendants and the fact that employees were shared between three entities at the direction of Wayne Woolard, *Page 9 
unbeknownst to plaintiff until he received three different 1099s, plaintiff's claim and his request that it be adjudicated was not unreasonable.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Wayne Woolard d/b/a Wayne's Tree Service did not have three or more employees on the date of plaintiff's injury and does not regularly employ three or more employees. Therefore, Wayne Woolard d/b/a Wayne's Tree Service was not an employer subject to the provisions of the Workers' Compensation Act on the day of plaintiff's injury. Cousins v.Hood, 8 N.C. App. 309, 174 S.E.2d 297 (1970); N.C. Gen. Stat. § 97-2.
2. Plaintiff's claim was not based on stubborn unfounded litigiousness and defendant is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
3. Although there appears to be at least 12 days in which Tri-Star Aviation and Development, Ltd. had three or more employees, from review of the records and calendars received into evidence, there is no competent evidence to show that Tri-Star regularly employed the same number of persons throughout the period with some constancy. N.C. Gen. Stat. § 97-2.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD 1. Plaintiff's claim for compensation under the Act is hereby denied. *Page 10 
2. No penalties are assessed against Wayne Woolard d/b/a Wayne's Tree Service, Tri-Star Aviation and Development, Ltd., Wayne Woolard, individually, and Ken Curtis, individually.
3. The parties shall pay their own costs.
This the ___ day of August 2007.
 S/______________________
 PAMELA T. YOUNG
 CHAIR
CONCURRING:
S/______________________ DANNY LEE McDONALD COMMISSIONER
S/______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1