DAVID BRITT, Employee-Plaintiff
v.
DURDEN HOME IMPROVEMENT PTR d/b/a DURDEN HOME IMPROVEMENT, a partnership consisting of partners Robert Lee Durden, Sr., Robert Lee Durden, Jr., Terry Durden, and Jerry Lynn Durden; and individually, Robert Lee Durden, Sr., Robert Lee Durden, Jr., Terry Durden, and Jerry Lynn Durden, Employers-Non-insured-Defendants.
No. COA06-1343
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
The Law Firm of Hutchens, Senter & Britton, by William L. Senter, for plaintiff-appellee.
Huggins, Pounds and Davis, L.L.P., by Dallas M. Pounds and Jennifer H. Webb, for defendants-appellants.
CALABRIA, Judge.
Durden Home Improvement PTR, a partnership, d/b/a Durden Home Improvement ("DHI"), and Robert Lee Durden, Sr. ("Mr. Durden"), Robert Lee Durden, Jr. ("Robert"), Terry Durden ("Terry") and Jerry Lynn Durden ("Jerry") in their partnership capacity and individually ("defendants") appeal from an Opinion and Award of the North Carolina Industrial Commission ("the Commission") ordering defendants to pay compensation, medical expenses and attorneys' fees to David Oscar Britt ("plaintiff") and remanding to determine penalties for failing to maintain workers' compensation insurance. We affirm.
In 1982, Mr. Durden formed Durden Home Improvement as a family-operated home improvement business. The business operated as a sole proprietorship until 1998 when Mr. Durden transferred ownership of the business to his wife and their son, Terry, due to Mr. Durden's poor health. Mr. Durden testified that he believed the business was incorporated in 1998, however, no incorporation documents were produced during discovery and defendants stipulated at the hearing that the corporation had been dissolved. At one time, while Mr. Durden owned the business, he maintained a workers' compensation insurance policy. However, in 1998, Mr. Durden cancelled the policy after he was advised by an insurance agent that the business was not required to carry workers' compensation insurance because it did not employ three or more regular employees.
On 28 January 2003, Jerry, Robert and Terry, Mr. Durden's sons, entered into a partnership agreement and named the partnership Durden Home Improvement PTR ("DHI"). During 2003, DHI employed Chris Durden, Dan Caulder, Robert Britt and Timothy Miller in addition to the partnership members. The amount of compensation received by each employee during 2003 ranged from $605.00 to $13,660.00. Mr. Durden testified that the partnership usually employed between one and three individuals in addition to family members. He also testified that the additional employees worked sporadically, sometimes working for "a week or two or three weeks" or sometimes for one day.
The Commission heard conflicting testimony regarding plaintiff's employment with defendants. Plaintiff testified that Mr. Durden approached him about working as a crew leader for DHI. According to plaintiff, Mr. Durden offered him a position working five days per week as an overseer and offered to pay him one hundred dollars per day. According to Mr. Durden, plaintiff was not hired to work for DHI. Plaintiff was hired to work personally for him to help him with home improvement projects at his home. Also, Mr. Durden stated that he offered to pay plaintiff one hundred dollars per day, but he did not specify the number of days that he needed plaintiff's help.
On 5 August 2003, the first day of the home improvement project, plaintiff was injured when the scaffolding he was standing on fell backwards. Plaintiff fell approximately eight feet and suffered a fracture in his right ankle.
On 17 October 2003, plaintiff filed a workers' compensation claim with the Commission. The claim was denied on the basis that defendants were not covered by a workers' compensation carrier. Plaintiff requested a hearing before the Commission. On 28 July 2005, Deputy Commissioner George R. Hall, III dismissed plaintiff's claim for lack of jurisdiction concluding that DHI was not required to carry workers' compensation insurance because DHI did notregularly employ three or more employees. Plaintiff appealed to the Full Commission.
On 4 August 2006, the Full Commission reversed the denial of benefits to the plaintiff and found that during the 2003 calendar year, defendants regularly employed three or more employees and therefore defendants were required to carry workers' compensation insurance. Defendants appeal.
As an initial matter, the record on appeal does not comply with Rule 9(b)(4) of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 9(b)(4) (2007). This rule requires the pages to the record on appeal be numbered consecutively. However, despite this rule violation, we exercise our discretion to decide the case on the merits. See N.C.R. App. P. 2 (2007); Welch Contr'g, Inc. v. N.C. Dep't. of Transp., 175 N.C. App. 45, 49-50, 622 S.E.2d 691, 694 (2005) (exercising discretion to decide case on the merits though there were appellate rule violations).

I. Jurisdiction Under the Workers' Compensation Act
Defendants argue the Commission erred by concluding the defendants were subject and bound by the Workers' Compensation Act because the evidence failed to show defendants regularly employed three or more employees. We disagree.
Generally, "[t]he standard of review on appeal to this Court from an award by the Commission is whether there is any competent evidence in the record to support the Commission's findings and whether those findings support the Commission's conclusions of law." Oliver v. Lane Co., 143 N.C. App. 167, 170, 544 S.E.2d 606,608 (2001). However, when an appellate court reviews findings of jurisdictional fact entered by the Commission, the reviewing court is required "to make its own independent findings of . . . jurisdictional fact from its consideration of all the evidence in the record."Perkins v. Arkansas Trucking Servs., Inc., 351 N.C. 634, 637, 528 S.E.2d 902, 904 (2000) (internal quotations omitted). Pursuant to N.C. Gen. Stat. § 97-2(1), an employer is subject to the provisions of the Workers' Compensation Act ("the Act") if "three or more employees are regularly employed." N.C. Gen. Stat. § 97-2(1) (2005). In order for defendants to be subject to the Act, evidence showing that defendants "regularly employed" three or more individuals must affirmatively appear in the record. Durham v. McLamb, 59 N.C. App. 165, 170, 296 S.E.2d 3, 6 (1982); Chadwick v. Department of Conservation and Development, 219 N.C. 766, 767, 14 S.E.2d 842, 843 (1941). "If defendant did not 'regularly employ' [three] or more employees, he is not subject to and bound by the Act." Patterson v. L.M. Parker & Co., 2 N.C. App. 43, 48, 162 S.E.2d 571, 574 (1968). However, "[i]f the defendant had [three] or more 'regularly employed' employees, the fact that he fell below the minimum requirement on the actual date of injury would not preclude coverage." Id. Although there is no statutory definition of "regularly employed," this Court stated in Patterson, "the term ' regularly employed' connotes employment of the same number of persons throughout the period with some constancy." Id., 2 N.C. App. at 48-49, 162 S.E.2d at 575. In this case, there is competent evidence to support a finding that during the year 2003, DHI employed three or more individuals. DHI's accountant, Dexter McClain ("Mr. McClain"), testified DHI employed Chris Durden, David Caulder and Timothy Miller during 2003. Although Mr. Durden testified that he hired plaintiff to work for him and not for DHI, plaintiff submitted testimony that he was paid for the work he performed on the date of the injury by a DHI business check and supported his testimony with a copy of the check. The evidence presented indicates that DHI "regularly employed" three or more individuals and was subject to the requirements of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(1) (2005). Therefore, the Commission's finding that DHI "regularly employed" three or more employees is supported by competent evidence in the record. Id.

II. Plaintiff's Weekly Wage
Defendants next argue the Commission erred by determining the amount of plaintiff's average weekly wage.
North Carolina General Statute § 97-2(5) (2005) provides in pertinent part:
"Average weekly wages" shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury . . . divided by 52; . . . Where the employment prior to the injury extended over a period of fewer than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, results fair and just to both parties will be thereby obtained. Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the 52 weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.
Id. "The primary intent of the N.C. Gen. Stat. § 97-2(5) is to make certain that the results reached are fair and just to both parties." Loch v. Entertainment Partners, 148 N.C. App. 106, 110, 557 S.E.2d 182, 185 (2001). Our North Carolina Supreme Court has held that, when calculating an employee's average weekly wage, the average weekly wage should be based upon the injured employee's earning capacity. Derebery v. Pitt County Fire Marshall, 318 N.C. 192, 197, 347 S.E.2d 814, 817 (1986). Thus, "the average weekly wage is determined by calculating 'the amount which the injured employee would be earning were it not for the injury.'" Loch, 148 N.C. App. at 111, 557 S.E.2d at 185 (quoting N.C. Gen. Stat. § 97-2(5)).
In this case, the Commission determined plaintiff's average weekly wage based upon the agreement between plaintiff and Mr. Durden. According to the agreement, plaintiff was hired to work five days per week and receive pay at the rate of $100.00 per day. Although plaintiff was unable to complete a week of work because of his injuries, the Commission appropriately calculated plaintiff's average weekly wage by determining the amount plaintiff would be earning but for his injury. According to plaintiff's agreement with Mr. Durden, plaintiff would have earned $500.00 per week forhis work with DHI. Thus, the Commission's finding that plaintiff's weekly wage amounted to $500.00 was supported by competent evidence in the record. The Commission did not err in calculating plaintiff's weekly wage and this assignment of error is overruled.
The order of the Commission is affirmed.
Affirmed.
Judge TYSON concurs.
Judge WYNN concurs in the result only.
Report per Rule 30(e).