***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission reverses the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. At the time of Plaintiff's injury on December 7, 2007, Plaintiff had an average weekly wage of $301.05 and a weekly workers' compensation rate of $200.71.
2. On December 7, 2007, Plaintiff fell ten to fifteen feet from a ladder and suffered a severe fracture of his right wrist.
3. Plaintiff's fall and its resulting injury were the direct and proximate cause of the medical treatment described in the records submitted by Plaintiff in this matter. The treatment Plaintiff received as a result thereof was necessary and reasonable. Further, those records are appropriately stipulated into the evidence as Plaintiff's exhibits.
 ***********
The following documentary evidence was received as:
 EXHIBITS • Stip. Ex. #1: Discovery and Paycheck Attachments
 • Stip. Ex. #2: Contract for Bullin's Housework
 • Stip. Ex. #3: Plaintiff' Medical Records, Form 25R
 • Plaintiff's Ex. #1: Part of Stip. Ex. #1
 • Plaintiff's Ex. #2: 1099 for 2006, 2007
 • Plaintiff's Ex. #3: Application for Disability
 • Defendant's Ex. #1: Photo of Plaintiff's Truck
 • Defendant's Ex. #2: Subcontractor's Contract
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT *Page 3 
1. On December 7, 2007, Plaintiff was performing carpentry work for Defendant, Thomas Fitzpatrick d/b/a Custom Woodwork Unlimited. Plaintiff worked for Defendant Custom Woodwork Unlimited from November 17, 2006 through December 7, 2007. Plaintiff is a carpenter by trade and possesses some of his own tools and a work truck. Defendant required Plaintiff to execute a Subcontractors Agreement prior to beginning work for defendant.
2. Defendant Mr. Fitzpatrick is a general contractor that began doing carpentry work in 1975. He testified that as a general contractor he had a subcontractor relationship with Plaintiff. Plaintiff signed an agreement captioned as "SubContractor's Agreement" that was admitted as Defendant's Exhibit #2. However, Mr. Fitzpatrick provided the large tools and equipment for Plaintiff to use during the duration of his employment. Although Plaintiff has his own truck, he displayed a magnetic sign reading "Custom Woodwork Unlimited" on the side of his personal truck. Mr. Fitzpatrick supervised Plaintiff on a daily basis and demonstrated how the work was to be performed, supervised the labor and paid Plaintiff on an hourly basis based upon the hours recorded on Plaintiff's timesheet at a rate of $13.00 per hour. Mr. Fitzpatrick maintained control of how Plaintiff performed his job and how Plaintiff was paid.
3. Defendant procured a disability policy for plaintiff and withheld premiums from plaintiff's pay. The premiums were paid directly to the agent for the insuring entity. However, these policies were not workers' compensation coverage policies.
4. Based upon the greater weight of the credible evidence the Full Commission finds that Plaintiff was an employee of Defendant and not a subcontractor. At the time of Plaintiff's injury, Defendant was not covered by a workers' compensation insurance policy. *Page 4 
5. However, at the time of Plaintiff's injury, the only two individuals that were performing work on the same project with Plaintiff was Defendant Mr. Fitzpatrick and Michael Bowens.
6. During the time that Plaintiff was employed by Defendant, there were several other individuals performing work on projects for Defendant with Plaintiff including Dexter Trivett, Tony Martin, Chad Cooper, and Hiawatha Withers. However, these other individuals did not perform work for Defendant at the same time. Gregory Penfield testified that he performed various jobs for Defendant on and off for a period of five years including the time in which Plaintiff worked for Defendant. The greater weight of the evidence shows that Mr. Penfield was a subcontractor, not an employee of defendant.
7. While Plaintiff has alleged that there were three or more employees of Defendant working with him, there is insufficient evidence to establish that the other individuals working with Plaintiff on projects for Defendant were employees of Defendant rather than subcontractors.
8. Based upon the greater weight of the evidence, there is insufficient evidence that Defendant regularly employed three or more employees in the same business with some constancy.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the North Carolina Worker's Compensation Act, ". . . `employment' includes employment by the State and all political subdivisions thereof, and all public and quasi-public corporations therein and all private employments in which three or more employees are regularly employed in the same business or establishment . . ." N.C. Gen. Stat. § 97-2(1). *Page 5 
2. In order for the North Carolina Industrial Commission to have jurisdiction over a claim, Plaintiff must prove that Defendants regularly employed three or more employees with some constancy. Cain v. Guyton,79 N.C. App. 696, 340 S.E.2d 501, aff'd, 318 N.C. 410, 348 S.E.2d 595(1986). Pursuant to N.C. Gen. Stat. § 97-2(2), Defendant Fitzpatrick was not an employee.
3. In the case sub judice, the contract between Plaintiff and Defendant provided that Plaintiff was a subcontractor. However, the actual relationship between the parties is determinative, not how the parties may have designated their relationship. Youngblood v. North State FordTruck Sales, 321 N.C. 380, 364 S.E.2d 433 (1988); Williams v. ARL, Inc.,supra. In Hayes v. Elon College, 224 N.C. 11, 29 S.E.2d 137 (1944), the North Carolina Supreme Court held that the dominant indicator in the determination of whether a worker is an independent contractor or an employee is whether the employer has authority to control how the worker accomplishes the tasks to be completed. Id. The Court stated that while no one factor is controlling and the presence of all factors is not required, the eight factors to be considered when deciding the degree of control exercised by an employer in each situation include whether:
 The person employed (a) is engaged in an independent business, calling or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.
Id. at 16, 29 S.E.2d at 140.
Applying the Hayes analysis to the facts in this case, Defendant provided the large tools and equipment for Plaintiff to use during the duration of his employment. Although Plaintiff has *Page 6 
his own truck, he displayed a magnetic sign reading "Custom Woodwork Unlimited" on the side of his personal truck. Mr. Fitzpatrick supervised Plaintiff on a daily basis and demonstrated how the work was to be performed, supervised the labor, and paid Plaintiff on an hourly basis based upon the hours recorded on Plaintiff's timesheet at a rate of $13.00 per hour. Defendant maintained control of how Plaintiff performed his job and how Plaintiff was paid. Defendant exercised sufficient control over the way plaintiff accomplished the work tasks to be completed and the manner in which Plaintiff was paid such that an employment relationship was established between Plaintiff and Defendant.Hayes v. Elon College, supra. However, based upon this same analysis, there is insufficient evidence that Defendant maintained any other employees on a regular basis. Id.
4. Plaintiff has failed to prove that Defendant had three or more employees on the date of plaintiff's injury or that Defendant regularly employed three or more employees. As such, Defendant is not an employer subject to the provisions of the North Carolina Workers' Compensation Act. Cousins v. Hood, 8 N.C. App. 309, 174 S.E.2d 297 (1970); N.C. Gen. Stat. § 97-2(1). Therefore, the North Carolina Industrial Commission does not have jurisdiction over this claim. Id.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. As the North Carolina Industrial Commission does not have jurisdiction over this claim, Plaintiff's claim is hereby DENIED.
2. Defendant shall bear the costs. *Page 7 
This the 15th day of July 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER