HARDMAN v. INDUSTRIAL COMMISSION et al.

No. 3805.   Decided May 31, 1922.   (207 Pac. 460.)

1. MASTER AND SERVANT—QUESTION AS TO NUMBER OF EMPLOYER'S EMPLOYÉS IS JURISDICTIONAL, AND REVIEWABLE BY SUPREME COURT. The question whether an employer had three or more employés in his service, so as to be within the Industrial Act (Comp. Laws 1917, § 3110, subd. 2, as amended by Laws 1919, c. 63), is a question of jurisdiction, as to which it is the Supreme Court's duty to review the facts as well as the law.

2. MASTER AND SERVANT—COMMISSION BOUND TO DENY COMPENSATION ON FINDING EMPLOYER HAD ONLY TWO EMPLOYÉS. Where the Industrial Commission reached the conclusion that an employer had only two employés in his service at the time of an injury, it was not justified in proceeding except to deny the application for compensation for want of jurisdiction.

3. MASTER AND SERVANT—EVIDENCE HELD TO JUSTIFY DENIAL OF COMPENSATION FOR LACK OF STATUTORY NUMBER OF EMPLOYÉS. In a proceeding for compensation under the Industrial Act, defended on the ground that the employer did not have three employés in his service, so as to come within the act, evidence *held* to show that plaintiff's brother, who accompanied him and the employer on a trip by automobile truck, did so merely for his own pleasure and convenience, and that he was not in the employer's employ.

Proceeding under the Industrial Act by Jesse C. Hardman, for compensation for injuries, opposed by Bud Jensen,

employer.   Compensation was denied, and plaintiff brings
writ of review.

AFFIRMED.

*S. P. Armstrong,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *John Robert Robinson,*
Asst. Atty. Gen., for defendants.

THURMAN, J.

On November 7, 1921, plaintiff, an employé of defendant
Jensen, while driving a truck from Salt Lake City, Utah, to
Pocatello, Idaho, received an injury which afterwards be-
came infected.   Blood poisoning developed, and plaintiff has
since been incapacitated for any kind of manual labor.   The
injury occurred within the state of Utah, and on December
10, 1921, plaintiff filed his application with the defendant
Industrial Commission of Utah for compensation under the
Utah Industrial Act.   Testimony was thereafter taken by
the Commission for and against the application and on
March 10, 1922, the application was denied, for the alleged
reason that the employer, Jensen, at the time of the injury
complained of by applicant, had only two workmen in his
employ, and therefore the case was not within the provisions
of the Industrial Act.   Application for a rehearing was
thereafter made, but, as no new evidence was offered, the
same was denied.

The case comes before us on a writ of review.   The only
question presented is whether or not there were more than
two employés in the service of defendant Jensen when
the injury occurred.   This, under the Utah Industrial
Act, presents a question of jurisdiction as to which
it becomes our duty to judicially review and determine the
facts as well as the law.

Complaint is made by plaintiff that the findings of the
Commission are defective, and that at most they are only

conclusions. As to this objection, it is sufficient to say that, having arrived at the conclusion that there were only two employés engaged in the service of defendant Jensen at the time the injury occurred, the Commission were not justified in proceeding further than to deny the application for want of jurisdiction. To have proceeded further, and assume to pass upon the merits of the application, would have been to usurp authority not conferred by the Industrial Act.

Comp. Laws Utah 1917, § 3110, subd. 2 as amended in Sess. Laws 1919, c. 63, provides:

"Every person, firm, and private corporation, including every public utility, that has in service three or more workmen or operatives regularly employed in the same business, or in or about the same establishment, under any contract of hire, express or implied, oral or written, except agricultural laborers and domestic servants; provided, that employers who have in service less than three employés and employers of agricultural laborers and domestic servants shall have the right to come under the terms of this title by complying with the provisions thereof and all rules and regulations of the Commission. The term 'regularly,' as herein used, shall include all employments, whether continuous throughout the year or for only a portion of the year. It means all employments in the usual course of the trade, business, profession or occupation of an employer."

The question to be determined is: Were there "three or more workmen or operatives regularly employed in the same business" in which plaintiff was employed at the time he received the injury?

The solution of this question renders it necessary to briefly review the facts as shown by a preponderance of the evidence. The defendant Jensen was the owner of three automobile trucks, and together with his employés was making a trip transporting secondhand goods from Salt Lake to Pocatello. One of the trucks was driven by plaintiff, one by an employé named Westover, and one by the defendant Jensen. There is no dispute but that Westover and plaintiff were in Jensen's employment. The question arising as to Roy Hardman, a younger brother of the plaintiff, who accompanied them on the trip. They left Salt Lake City November

5, 1921, and on the seventh day of the same month, at a point near Wellsville, Utah, the injury occurred. The circumstances connected with the injury and the extent thereof are immaterial. The injury did not seriously affect the plaintiff until two days after his arrival at Pocatello, when blood poisoning developed.

Concerning the question as to whether Roy Hardman was in his employ defendant Jensen testified, in substance, that he did not need Roy Hardman on the trip, and did not employ him; that plaintiff told him Roy would like to go for the trip. Jensen further testified that he paid Roy's expenses, but paid him no wages; that he never talked with Roy about employing him, and had no arrangements with him; that he was a member of the crowd, and defendant paid the expenses of the crowd. He further testified that Roy had never claimed any salary for the trip to Pocatello, but after plaintiff became incapacitated from the injury defendant employed Roy to drive the truck, and he made one load. Jensen admitted that Roy helped to load and unload the trucks on the Pocatello trip, but was emphatic in his testimony that he had told plaintiff he did not need Roy, and that plainiff said Roy wanted to go for a trip. This testimony is not contradicted.

Jesse C. Hardman testified, but we find nothing in his testimony that materially conflicts with the testimony of Jensen.

The testimony developed that prior to making the trip to Pocatello plaintiff and Roy had been driving a truck for Jensen on what they called a fifty-fifty basis, plaintiff and Roy receiving one-half of the proceeds after all expenses were paid, and Jensen the remainder. The trip to Pocatello, however, was under a different arrangement, plaintiff and Westover each receiving $4 per day.

Roy Hardman testified that the night before they started to Pocatello he helped to load the trucks and Jensen told him to come up early in the morning so they could get started. He said he thought Jensen wanted him to work. At Pocatello he asked Jensen for $1, and Jensen gave it to him. On cross-examination he stated that he never had any under-

standing with Jensen about a salary; that nothing was said about paying him anything; that nothing was said about any arrangement for working for him, except Jensen told him to be up there in the morning; that he knew Jensen was not going to pay him anything; that he never looked to Jensen to pay him anything; that Jensen never asked him to work except to be there next morning, and never said anything about paying him.

Such, in substance, is all the evidence that is in any sense material.

In the opinion of the writer it is clearly deducible from the evidence in the case that Roy Hardman was not an employé of the defendant Jensen at the time of the injury of which the plaintiff complains; that he simply desired to make the trip to Idaho for his own pleasure and convenience, and, as substantially admitted by himself, never expected any compensation therefor. The reason why Jensen told Roy to come up early next morning so they could get started is perfectly manifest, in view of the evidence, which is uncontradicted. Jensen had been told by plaintiff that Roy wanted to make the trip, and Jensen was willing he should go. The payment of Roy's expenses was evidently a mere courtesy, for which the defendant should not be mulct in damages.

To hold under such circumstances that Roy Hardman was an employé of Jensen in order to bring the case within the provisions of the Industrial Act, and thereby compel Jensen to compensate plaintiff for his injury, would, in our judgment, be a travesty upon justice, and a perversion of the literal terms of the statute under which plaintiff seeks relief. It is impossible to deduce from the evidence even a casual employment, much less a regular employment, such as the statute requires. The plain fact is there was no employment at all as far as Roy Hardman was concerned. There is, therefore, no justifiable reason for citing or reviewing the authorities referred to by either of the parties. It would unnecessarily incumber our opinion and serve no useful purpose.

The order of the Commission denying compensation is affirmed.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.