J. M. CHADWICK, ADMINISTRATOR OF THE ESTATE OF J. I. CHADWICK; J. M. CHADWICK; ELLA SAVAGE; LAURA LEARNED; CHRISTINE MURRAY; BERTHA BURCH; EDWARD CHADWICK; HENRY CHADWICK; FLORENCE FINBERG AND OSCAR CHADWICK, ALL NEXT OF KIN OF J. I. CHADWICK. DECEASED (EMPLOYEE), PLAINTIFFS, v. NORTH CAROLINA DEPARTMENT OF CONSERVATION AND DEVELOPMENT, AND WEST VIRGINIA PULP AND PAPER COMPANY, BOTH EMPLOYERS BEING SELF-INSURERS, DEFENDANTS.

(Filed 31 May, 1941.)

**1. Master and Servant §§ 38, 46a—**

It must appear affirmatively by evidence or by admission of record that a defendant sought to be held liable under the Workmen's Compensation Act had in his employ five or more employees in order to sustain the jurisdiction of the Industrial Commission, and when this fact is not made to appear, the award of compensation against such defendant must be reversed.

**2. Master and Servant § 46a—**

In its functions as a court, the jurisdiction of the Industrial Commission is limited, and jurisdiction cannot be conferred on it by agreement or waiver.

APPEAL by defendant, West Virginia Pulp & Paper Company, from *Williams, J.,* at December Term, 1940, of NEW HANOVER. Reversed.

*Corbett & Johnson for plaintiffs, appellees.*

*Poisson & Campbell for defendant, West Virginia Pulp & Paper Company, appellant.*

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for defendant, North Carolina Department of Conservation and Development.*

PER CURIAM. This is a proceeding under the Workmen's Compensation Act for an award to the next of kin of deceased, Chadwick, because of his injury and death by accident while allegedly employed by defendants.

The appealing defendant, West Virginia Pulp & Paper Company, entered into a contract with the State Department of Conservation and

Development under which the Pulp Company contributed one-half the expense (with a maximum limitation based on acreage), the Department one-fourth, and the Federal Government one-fourth—to be placed in a fund handled by the Department—to employ a "forest ranger" or "fire warden" to prevent or control fires on a large tract of timbered land owned exclusively by appellant. Under this contract the deceased, Chadwick, was employed as forest ranger or fire warden—and took the oath of office as fire warden—and was paid the agreed salary by the Department out of the fund so provided. The Pulp Company denied it was an employer.

Chadwick sustained the injury resulting in his death through a fall from a bridge being constructed by the Pulp Company, over which a fire lane was to be established. The Industrial Commission awarded compensation against both defendants, and the award was sustained upon appeal to the Superior Court. From the judgment of the Superior Court affirming the award, the Pulp Company, alone, appealed.

In the case on appeal we find the following stipulation:

"The defendant, West Virginia Pulp & Paper Company, raises no objection as to the cause of the death of the deceased or to the dependents as established by the Commission, or to the fact that deceased was injured in the course of and growing out of his employment, and that part of the transcript of testimony dealing with these points is omitted in this statement of case. The sole question is: By whom was deceased employed?"

Here, however, the appealing defendant raises the question of jurisdiction, based on the fact that there is no evidence in the record that, at the time deceased received his injury, the Pulp Company had as many as five men in its employment. An examination of the record confirms this view of the evidence. Uniformly it has been held that such evidence must affirmatively appear, to sustain the jurisdiction. *Poole v. Sigmon,* 202 N. C., 172, 162 S. E., 198; *Pine v. State Industrial Commission,* 108 Okla., 185, 235 P., 617; *Hardman v. Industrial Commission,* 60 Utah, 203, 207 P., 460. Doubtless an admission in the record as to the fact would be sufficient in lieu of such evidence, but the majority of the Court are of the opinion that the stipulation above quoted is not of that character.

The Industrial Commission, viewed as a court, is one of limited jurisdiction, the defect relates to the subject matter, and jurisdiction cannot be conferred by agreement or waiver. *Reaves v. Mill Co.,* 216 N. C., 462, 5 S. E. (2d), 305; *Hartford Accident and Indemnity Co., et al., v. Thompson* (Ga.), 147 S. E., 50, 51.

On authority of *Poole v. Sigmon, supra,* the judgment affirming the award is reversed as to the appellant West Virginia Pulp and Paper

Company. As to the Department of Conservation and Development, which did not appeal, the judgment, as of course, is binding.

As to appellant

Reversed.