### MINNIE HUNTER AND MATTIE HUNTER v. S. PEIRSON.

(Filed 13 October, 1948.)

**1. Master and Servant § 39g—**

The evidence tended to show that the defendant operated a general mercantile business, which included the selling and delivery of commercial fertilizers, and that plaintiffs' intestates had been working for a period of more than two months at stated weekly wages in delivering the fertilizers by truck when they met with fatal accident arising out of and in the course of their employment. *Held:* Decedents were not casual employees, and further, the injury arose within the scope of the employer's regular business, and therefore they were employees of defendant within the coverage of the Workmen's Compensation Act. G. S., 97-2 (b).

**2. Master and Servant § 38—**

Evidence tending to show that the employer regularly employed three persons in his general mercantile business and that for more than two months prior to the accident in suit he had employed two other persons at stated weekly wages to deliver fertilizers by truck in the operation of his mercantile business, *is held* to support the finding of the Industrial Commission that the employer had five or more persons regularly employed in his business and that he was therefore subject to the Workmen's Compensation Act. G. S., 92-2 (a).

APPEAL by defendant from *Frizzelle, J.,* at December Term, 1947, of HALIFAX. Affirmed.

*Charlie C. Pierce, Ben E. Fountain, and A. W. Oakes, Jr., for plaintiffs, appellees.*

*A. W. Andleton and Ehringhaus & Ehringhaus for defendant, appellant.*

DEVIN, J.   Claims for compensation under the Workmen's Compensation Act for the death of Caesar Hunter and Major Hunter were allowed by the North Carolina Industrial Commission, and on defendant's appeal therefrom the court below affirmed the award.

The defendant now presents to this Court for review the question whether there was sufficient evidence to support the finding by the Industrial Commission of the jurisdictional fact that at the time of the happening complained of the defendant had as many as five persons regularly employed in the same business, so as to bring these claims within the provisions of the Compensation Act.   G. S., 97-2 (a).

It sufficiently appears that defendant was engaged in the general mercantile business, and that this included selling commercial fertilizers which he caused to be delivered by truck to farmers in the surrounding territory.   For this purpose the two decedents were employed, when the business required, to handle these fertilizers and drive the truck for delivery to defendant's customers.   On 15 March, 1944, Caesar and Major Hunter, while driving defendant's truck loaded with fertilizers, in the regular course of business, were struck by a train on a railroad crossing and both were killed.   If the provisions of the Workmen's Compensation Act apply, it is not controverted that the fatal injury by accident arose out of and in the course of their employment by the defendant.

The defendant admits that at the time there were three persons regularly employed in his place of business, and that he also employed Caesar and Major Hunter, whenever a carload of fertilizer arrived, to unload and deliver the fertilizer by truck to defendant's customers, both of those men being employed in the handling, driving and delivery thereof; nor does he controvert the fact that both were accidentally killed while so engaged.   But defendant denies liability for compensation therefor to their dependents on the ground that the employment of these men was not such as would bring them within the category of persons "regularly employed," for whom provision is made in the statute (G. S., 97-2 (a)), and that they are excluded by the language of the statute which denies compensation to those whose "employment is both casual and not in the course of the business" of their employer.   G. S., 97-2 (b).

The claimants' evidence tended to show that their decedents had been regularly employed by the defendant in hauling fertilizer from the last of October, 1943, to the time they were killed, working six days a week at a wage of $15 a week for Caesar and $12 a week for Major; that the

truck was kept by them at night at their home, and driven each day in the service of defendant. "After Christmas they hauled regularly." However, it appeared that decedents and their mother were share-croppers on defendant's land, and that in the late fall these men were employed to drive the truck in hauling farm products, and one of them was paid a monthly wage of $15 for feeding livestock. From defendant's statement it seems that from early in January, 1944, they were employed at 30c and 25c per hour, to drive defendant's truck for the delivery of fertilizer to his customers, and that they continued to be so employed for at least a part of each week for more than two months up to the time of their death, and were killed while so engaged. During this period and for this work at approximately weekly intervals payments were regularly made to both these men.

The Industrial Commission found that the defendant employed regularly five or more persons during the fertilizer season in operating his store and delivering fertilizer, operated as one business, and that decedents were employed by defendant to unload and deliver fertilizer by truck to his customers, which was work pertaining to the regular course of defendant's business, and that they sustained injury by accident arising out of and in the course of their employment therein which resulted in their death. We think these findings by the Commission are supported by the evidence, and that the ruling of the court below in affirming the award of compensation should be upheld. *Moore v. State,* 200 N. C., 300, 156 S. E., 806. The rule was clearly stated by *Justice Brogden* in *Johnson v. Hosiery Co.,* 199 N. C., 38, 153 S. E., 591: "If the work pertains to the business of the employer and is within the general scope of its purpose, the employment is not of a casual nature, although the hiring be for only a short period of time." . . . Furthermore, it has been held that "even though the employment is casual, the injury is compensable if occurring within the course of the employer's business." Here, the admitted employment of the decedents in the business of the defendant extended over a period of more than two months during which they worked, not by chance or for a particular occasion, but according to a definite employment, at stated wages, for a purpose in the usual course of defendant's business. While so engaged the decedents lost their lives as result of an injury by accident arising out of and in the course of their employment. *Hoffer v. Smith,* 148 Va., 220, 138 S. E., 474; *Smith v. Paper Co.,* 226 N. C., 47, 36 S. E. (2d), 730; *DeVine v. Steel Co.,* 227 N. C., 684, 44 S. E. (2d), 77; *Chadwick v. Department of Conservation,* 219 N. C., 766, 14 S. E. (2d), 842; *Thompson v. Funeral Home,* 205 N. C., 801, 172 S. E., 500; *Moore v. State, supra.*

The judgment of the court below affirming the award based upon findings warranted by the evidence will be upheld.

Judgment affirmed.