***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young. The appealing party has shown good grounds to reconsider the evidence; therefore, the Full Commission MODIFIES and AFFIRMS the decision of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On the date of the alleged injury, defendant-Hawks Builders of Rockingham, Inc. was insured by Federated Mutual Insurance Company, defendant-84 Lumber Company was insured by EBI Companies, and the status of the workers' compensation insurance for defendant-A M Trucking of Hope Mills, Inc. was unknown.
2. The parties stipulated that plaintiff suffered an injury by accident on September 10, 1999.
3. The parties stipulated that after his accident, plaintiff was out of work from September 10, 1999 until October 9, 2000.
4. The parties stipulated that plaintiff suffered a twenty percent (20%) permanent partial impairment to his foot as a result of the accident.
5. The parties stipulated to plaintiff's medical records from UNC Hospitals, Chapel Hill Surgical Center, UNC School of Medicine-Department of Orthopaedics and Chatham Hospital.
6. The issues presented to the Full Commission are:
 a) Whether plaintiff is an employee of Hawks Builders of Rockingham, Inc., 84 Lumber Company or A M Trucking of Hope Mills, Inc.?
 b) Whether an injury by accident arose out of the scope and in the course of employment with any defendant on the alleged date?
 c) Although the parties stipulated to the above issues at the hearing, evidence developed at the hearing as to whether or not the plaintiff was a casual employee within the North Carolina Workers' Compensation Act?
 ***********
Based upon the evidence of record and findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this matter, plaintiff was fifty (50) years old and had earned a GED.
2. Over the last ten years, plaintiff has worked primarily as a laborer in the construction trades.
3. Defendant-Hawks Builders of Rockingham, Inc. is a general construction contractor. On the day of plaintiff's accident, September 10, 1999, defendant-Hawks Builders was constructing a Days Inn motel building in Siler City, North Carolina.
4. Prior to September 10, 1999, defendant-Hawks Builders ordered sheetrock materials for the Days Inn project from defendant-84 Lumber Company.
5. Defendant-84 Lumber Company was a first tier subcontractor hired to perform a portion of defendant-Hawks Builders work in that they furnished materials, delivered materials, and unloaded materials, specifically sheetrock at the Days Inn construction site. All of these activities performed by defendant-84 Lumber Company were necessary to fulfill a portion of defendant-Hawks Builders' contract with the property owner.
6. At the time of plaintiff's accident, defendant-84 Lumber Company had a contractual agreement for hauling and delivery services with defendant-A M Trucking of Hope Mills, Inc. The terms of the agreement required defendant-A M Trucking to offload sheetrock at particular locations on the Days Inn construction site, for which defendant-A M Trucking was paid an additional "handling fee" over and above sums due it for general hauling services.
7. On September 10, 1999, defendant-Hawks Builders had ordered sheetrock from defendant-84 Lumber Company for delivery to the Days Inn construction site in Siler City, North Carolina. Defendant-Hawks Builders directed defendant-A M Trucking to place sheetrock in the building's second story rooms. Defendant-A M Trucking would not receive its handling fee unless it placed the sheetrock in the second story rooms; thus, part of defendant-A M Trucking's business dealt directly with the handling of sheetrock delivered for defendant-84 Lumber Company. On this date, Michael Ionne, owner of defendant-AM Trucking who drove the truck to deliver the sheetrock to the jobsite, needed workers to lift the sheetrock from a fork lift and place it inside the second story rooms. Without workers placing the sheetrock into the rooms, defendant-A M Trucking could not complete its contract with defendant-84 Lumber Company and receive their handling fee. Defendant-A M Trucking contacted the Employment Security Commission in search of workers to immediately unload this sheetrock into the second story rooms which resulted in the hiring of plaintiff to perform this task at the rate of $6.00 per hour.
8. Mr. Ionne, defendant-A M Trucking's owner, directed and controlled the unloading of sheetrock into the second story rooms. Mr. Ionne exercised complete control over the sheetrock unloading process and told plaintiff how he wanted the sheetrock unloaded and where to place the sheetrock in the second story rooms of the Days Inn construction site. Mr. Ionne had in fact fired two workers earlier that day because they did not unload the sheetrock satisfactorily according to his instructions which further demonstrates his control over the process and that hiring employees to unload sheetrock was in the normal course of business of defendant-A M Trucking.
9. The greater weight of the competent evidence demonstrates that plaintiff was hired on September 10, 1999 in the regular course of defendant-A M Trucking's business and is therefore an employee pursuant to the Workers' Compensation Act. Plaintiff was not a casual employee because his job with defendant-A M Trucking furthered its business purpose of satisfying their contract with defendant-84 Lumber Company which was within the regular course of defendant-A M Trucking's business.
10. On September 10, 1999, plaintiff was performing his job of unloading sheetrock at the Days Inn construction site when he fell to the ground and suffered a left closed calcaneus fracture; therefore, his injury arose out of and in the course and scope of his employment with defendant-A M Trucking.
11. Defendant-A M Trucking was a second tier subcontractor for the delivery and unloading of sheetrock to the Days Inn in Siler City, North Carolina, and this work represented a portion of defendant-84 Lumber Company's contract with defendant-Hawks Builders and also a portion of defendant-Hawks Builders' contract with the owner. Defendant-A M Trucking did not regularly employ three or more people in its business and did not carry workers' compensation insurance on its employees.
12. On September 10, 1999, defendant-84 Lumber Company had not obtained a certificate of compliance from defendant-A M Trucking certifying that defendant-A M Trucking had workers' compensation insurance on its employees pursuant to N.C.G.S. § 97-93 prior to allowing defendant-A M Trucking to work on this job site.
13. Plaintiff received medical care for his foot injury including surgical repair of his heel fracture from the following providers: UNC Hospitals, Atlantic Prosthetic, Chatham Hospital, Chapel Hill Surgical Center and UNC Physicians Associates. Plaintiff traveled a total of 495 miles during the course of eleven visits to his medical providers.
14. On May 19, 2000, orthopedic surgeon Dr. Gregory Guyton released plaintiff to return to work with the restriction that he not perform work activities on uneven ground. Between May 19, 2000 and his eventual return to work on October 9, 2000, plaintiff performed his own job search assisted by the North Carolina Department of Vocational Rehabilitation in Siler City, North Carolina. Plaintiff contacted more than twenty prospective employers and his job search ended when he located his current job at Carolina Meadows. Plaintiff's efforts satisfied the requirements of a reasonable job search and he is entitled to ongoing disability benefits during this period.
15. Dr. Guyton's medical records indicate that plaintiff reached maximum medical improvement for this work-related injury on September 20, 2000 at which time plaintiff was released to return to work with no restrictions. Dr. Guyton also assigned plaintiff a twenty percent (20%) permanent impairment rating of his left foot.
16. Plaintiff was earning $10.50 per hour and working forty hours per week prior to his injury by accident; however, it would be prejudicial to defendants to use this hourly rate in calculation of plaintiff's average weekly wage due to the extremely short duration of plaintiff's employment with defendant-A M Trucking. Having given due consideration to the first three methods of computation of plaintiff's average weekly wage as prescribed in N.C.G.S. § 97-2(5) and having found that neither one would render a fair result, the Full Commission finds that employing the fourth method of computation will achieve a result fair to both parties. At the deputy commissioner hearing of this matter, Elaine Doby with the Employment Security Commission stated that a person of the same grade and character as plaintiff employed in a similar position on September 10, 1999 as general laborer and materials handler around Siler City, North Carolina would have earned approximately $7.19 per hour working a forty hour week; therefore, the Full Commission finds that $7.19 per hour would represent a fair hourly wage to use in computing plaintiff's average weekly wage. Based on a forty hour work week, plaintiff's average weekly wage at the time of his injury by accident was $287.60, resulting in a weekly compensation rate of $191.74.
17. By the greater weight of the competent evidence, the Full Commission finds that plaintiff was a statutory employee of defendant-84 Lumber Company as plaintiff was an employee of defendant-A M Trucking and at the time of his injury by accident defendant-84 Lumber Company had failed to obtain a certificate of workers' compensation insurance from defendant-A M Trucking as required by N.C.G.S. § 97-19 to be immune from liability for injuries occurring to subcontractor's employees.
18. Pursuant to an Order Approving Compromise Settlement Agreement approved by the Industrial Commission on December 31, 2001, plaintiff settled his claim with defendant-84 Lumber Company for $8,000.00.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff suffered an injury by accident on September 10, 1999, arising out of and in the course of his employment with defendant-A M Trucking. N.C.G.S. § 97-2(6).
2. Plaintiff was not a casual employee of defendant-A M Trucking on September 10, 1999. N.C.G.S. § 97-2(2), Hunter vs. Pierson,229 N.C. 356, 358, 49 S.E.2d 653, 654 (1948).
3. Defendant-A M Trucking was not an employer within the meaning of the Workers' Compensation Act as they did not employ three or more employees at the time of plaintiff's injury by accident and was not required to carry workers' compensation insurance on its employees. N.C.G.S. §§ 97-2(1), 97-93.
4. Plaintiff was a statutory employee of defendant-84 Lumber Company at the time of his injury by accident because defendant-84 Lumber Company failed to obtain a certificate of workers' compensation insurance from defendant-AM Trucking prior to allowing employees of defendant-AM Trucking, including plaintiff, to assist in fulfilling defedant-84 Lumber's contract with defendant-Hawks Builders. Defendant-Hawks Builders is not liable to plaintiff as a statutory employer under the Act because defendant-84 Lumber had workers' compensation insurance in compliance with the Act. Therefore, defendant-84 Lumber Company was liable for all benefits owed to plaintiff pursuant to the Workers' Compensation Act. N.C.G.S. § 97-19.
5. Plaintiff was totally disabled from September 10, 1999 through October 8, 2000 and was therefore entitled to recover from defendant-84 Lumber total disability compensation during this period. N.C.G.S. §97-29.
6. Plaintiff was entitled to receive and defendant-84 Lumber was responsible to pay for medical compensation for all treatment rendered related to his compensable injury by accident necessary to effect a cure, provide relief, and/or lessen plaintiff's period of disability. N.C.G.S. § 97-25.
7. Plaintiff was entitled to receive disability compensation for a twenty percent (20%) permanent impairment rating to his left foot. N.C.G.S. § 97-31(14).
8. Due to the short duration of plaintiff's employment with defendant-A M Trucking at the time of his injury by accident and in order to achieve a result fair and just to both parties, plaintiff's average weekly wage should be computed via the fourth statutory method using the hourly wage of a person of the same grade and character employed in the same class of employment in the same locality or community over fifty-two weeks preceding the date of plaintiff's injury. A similar employee in the same location as plaintiff at the time of his injury by accident would have earned $7.19 per hour based on a forty hour work week; therefore, plaintiff's average weekly wage was $287.60 in a resulting compensation rate of $191.74. N.C.G.S. § 97-2(5).
9. Having settled his claim with defendant-84 Lumber, plaintiff is entitled to no further benefits under the Act.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for further benefits is DENIED.
2. Plaintiff's claim against defendant-Hawks Builders of Rockingham, Inc. is DISMISSED.
3. Defendant-84 Lumber Company shall pay the costs due the Commission.
This the ___ day of March 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER