ERNEST TODD WOODLIFF, Employee, Plaintiff v. THOMAS FITZPATRICK d/b/a CUSTOM WOODWORK UNLIMITED, Employer (Noninsured), and THOMAS FITZPATRICK, Individually Defendants

No. COA09-1447

(Filed 6 July 2010)

**Workers' Compensation— jurisdiction—independent findings—three or more workers—burden of proof not carried**

The Industrial Commission correctly decided that it lacked jurisdiction over a workers' compensation claim where plaintiff-carpenter did not sustain his burden of showing that defendant regularly employed three or more employees.

Appeal by Plaintiff from Opinion and Award of the Full Commission of the North Carolina Industrial Commission filed 27 July 2009. Heard in the Court of Appeals 12 April 2010.

*Jay Gervasi, P.A., by Jay A. Gervasi, Jr., for Plaintiff-Appellant.*

*Prather Law Firm, by J.D. Prather, for Defendant-Appellees.*

BEASLEY, Judge.

Ernest Todd Woodliff (Plaintiff) appeals from an Opinion and Award of the North Carolina Industrial Commission (Commission) denying Plaintiff benefits under the Workers' Compensation Act (Act). Specifically, Plaintiff challenges the Commission's jurisdictional finding of insufficient evidence that Thomas Fitzpatrick d/b/a/

Custom Woodwork Unlimited and Thomas Fitzpatrick individually (collectively Defendant) regularly employed three or more employees and conclusion that "Defendant is not an employer subject to the provisions of the North Carolina Workers' Compensation Act" such that the "Commission does not have jurisdiction over this claim." Because Plaintiff has failed to sustain his burden of proof that Defendant regularly employs three or more employees, we affirm.

Plaintiff worked as a framing carpenter for Defendant, a general contractor, from 17 November 2006 through 7 December 2007, when he was injured while performing carpentry work for Defendant. Plaintiff filed a Form 18 Notice of Accident to Employer and Claim of Employee on 14 February 2008, and Defendant denied the claim on the basis that the Commission lacked jurisdiction because Defendant has never had three or more employees and was not the employer of Plaintiff on the date of the injury. Deputy Commissioner Adrian A. Phillips heard Plaintiff's claim on 24 September 2008 and found that Plaintiff, as well as at least five other individuals, were employed by Defendant before concluding that the Commission had jurisdiction over Defendant as an employer under the Act and awarding compensation for Plaintiff's injury. Defendant appealed to the Full Commission, which reversed the opinion of the deputy commissioner as to the finding of jurisdiction. Because the parties contested whether an employer-employee relationship existed between them at all relevant times and asked the Commission to determine whether Defendant was an employer subject to the Act, the Commission limited the initial testimony to that issue in order to make a primary ruling on jurisdiction. While the Full Commission agreed that Plaintiff was an employee under the Act, it found that "there is insufficient evidence to establish that the other individuals working with Plaintiff on projects for Defendant were employees of Defendant rather than subcontractors." Therefore, the Full Commission reversed the award of benefits on the ground of "insufficient evidence that Defendant regularly employed three or more employees in the same business with some constancy." From this decision, Plaintiff appeals.

The sole issue Plaintiff challenges is the Commission's decision that Defendant did not have the three employees required to come under the provisions of the Act. Defendant cross-assigns as error the Commission's: (1) conclusion that Plaintiff was an employee rather than a subcontractor of Defendant and (2) failure to rule on and grant Defendant's request to take additional evidence in connection with its appeal to the Full Commission.

WOODLIFF v. FITZPATRICK

[205 N.C. App. 192 (2010)]

"[T]he Commission has no jurisdiction to apply the Act to a party who is not subject to its provisions," *Williams v. ARL, Inc.*, 133 N.C. App. 625, 628, 516 S.E.2d 187, 190 (1999), therefore we first address the jurisdictional issue raised by Plaintiff regarding whether Defendant employer had the required number of employees to be subject to the Workers' Compensation Act. *See Chadwick v. Department of Conservation and Development*, 219 N.C. 766, 767, 14 S.E.2d 842, 843 (1941) (holding that whether the employer had requisite number of employees is one of jurisdictional fact).

While this Court generally reviews Commission opinions for any competent evidence in the record to support its conclusions of law, jurisdictional findings of fact are not binding and we must consider all the evidence in the record to make our own findings of fact. *Weston v. Sears Roebuck & Co.*, 65 N.C. App. 309, 314, 309 S.E.2d 273, 276 (1983); *see also Cain v. Guyton*, 79 N.C. App. 696, 698, 340 S.E.2d 501, 503 ("The Commission's findings of jurisdictional facts are not conclusive on appeal even if they are supported by competent evidence."), *aff'd*, 318 N.C. 410, 348 S.E.2d 595 (1986). "Thus, it is incumbent on this Court to . . . make an independent finding." *Durham v. McLamb*, 59 N.C. App. 165, 168, 296 S.E.2d 3, 5 (1982); *see also Grouse v. DRB Baseball Management*, 121 N.C. App. 376, 378, 465 S.E.2d 568, 570 (1996) ("Whether an employer had the required number of employees to be subject to the Workers' Compensation Act is a question of jurisdiction and this Court is required to review the evidence and make an independent determination.").

Pursuant to the current law under N.C. Gen. Stat. § 97-2(1), the version which was also in effect at the time of Plaintiff's accident on 7 December 2007, an employer is subject to the provisions of the Act if it regularly employs three or more employees. *See* N.C. Gen. Stat. § 97-2(1) (2007) (defining the parameters of "employment" under the Act to include "all private employments in which three or more employees are regularly employed in the same business or establishment"). Plaintiff has the burden of proof, and if he cannot show that Defendant did " 'regularly employ' [three] or more employees, he is not subject to and bound by the Act." *Patterson v. Parker & Co.*, 2 N.C. App. 43, 48, 162 S.E.2d 571, 574 (1968); *see also Cain*, 79 N.C. App. at 698, 340 S.E.2d at 503 (holding the plaintiff has the burden of proving that the employer regularly employed five—now three—or more employees). Moreover, "evidence showing a defendant had in his employ [three] or more employees 'must affirma-

tively appear' in the record to sustain the jurisdiction of the Industrial Commission over the claim." *Durham*, 59 N.C. App. at 170, 296 S.E.2d at 6 (quoting *Chadwick*, 219 N.C. at 767, 14 S.E.2d at 843). Although the Act leaves undefined the term "regularly employed," this Court has examined its meaning and stated in *Patterson*:

> We believe that the term 'regularly employed' connotes employment of the same number of persons throughout the period with some constancy. It would not seem that the purpose of the Act would be accomplished by making it applicable to an employer who may have had, in the total number of persons entering and leaving his service during the period, more than the minimum number required by the Act.

*Patterson*, 2 N.C. App. at 48-49, 162 S.E.2d at 575. Still, "[i]n considering whether [D]efendant[] had [three] or more regularly employed workers, 'the fact that [the employer] fell below the minimum requirement on the actual date of injury would not preclude coverage.' " *Grouse*, 121 N.C. App. at 379, 465 S.E.2d at 570 (quoting *Patterson*, 2 N.C. App. at 48, 162 S.E.2d at 574).

In this case, there is evidence that several individuals performed work on projects for Defendant with Plaintiff at various times throughout Plaintiff's employ, including Stuart Thomas, Dexter Trivett, Tony Martin, Chad Cooper, Hiawatha Withers, Michael Bowens, and Gregory Penfield. However, when describing the work and types of projects he had done for Defendant throughout the course of his nearly one-year employment, Plaintiff testified that people were assigned to work with him depending on the job and varied from site to site. Asked whether these people worked simultaneously with him, Plaintiff responded: "Yeah, on some of them. Then—we went through so many people there." The Commission also inquired of Plaintiff whether the named individuals worked with him and, if so, for how long. Plaintiff testified that "Dexter probably only lasted about a month or so. Stuart lasted about three weeks, but Chad and Tony—they lasted a couple months or better." The evidence also shows that Defendant's relationship with Mr. Withers was terminated at some point during Plaintiff's employment. Defendant Fitzpatrick also contradicted Plaintiff's suggestion that the individuals were working for him at the same time. He testified, rather, that they were subcontractors who contracted with Defendant for various projects throughout 2007 but who also engaged in other work, including Mr. Martin whose primary trade was in telecommunications tower assem-

bly. Defendant Fitzpatrick explained the difficulty of keeping skilled help for long periods of time and thus opted to engage various subcontractors with whom he had developed a relationship for different projects when they were available.

While acknowledging that the dates when these named workers came and went were not clear from the testimony, Plaintiff nonetheless attempts to piece together a time frame during which at least three regular employees worked for Defendant. The evidence reflects some dates: Mr. Bowens worked for Defendant from the summer of 2006 through the end of that year but then spent five to six months in Florida before returning in late spring of 2007; a man named Eric Chafa worked for about three to four weeks in the summer of 2006; and Don Croft worked for the month of October in 2006 (the latter two individuals being gone before Plaintiff was hired). While there is testimony that Mr. Penfield worked for most of 2006, the Commission found that the greater weight of the evidence showed him to have been a subcontractor and not an employee of Defendant, and Plaintiff does not challenge such finding in his brief. Accordingly, Mr. Penfield cannot be counted as an employee of Defendant in determining whether there were regularly three or more. Still, Plaintiff proposes that unless all of the named individuals aside from Mr. Penfield worked only before Mr. Bowens returned in late Spring of 2007, then there were times after that when at least three people worked for Defendant. He theorizes in his brief:

> The most likely scenario, taking into account the seasonal fluctuations about which Mr. Fitzpatrick testified, was that there were more than three people working for the defendant during the warmer months of 2007, with the force reduced to just the three mainstays[1] by the time Mr. Woodliff was injured as the approaching winter reduced the need for workers.

While there indeed may have been some overlap among the times that the named individuals worked with Defendant, Plaintiff's conjecture does not constitute convincing or even competent evidence that Defendant employed at least three persons with some constancy

1. The "three mainstays" to which Plaintiff refers are the three individuals who were performing work on the same project with Plaintiff at the time of his accident: Plaintiff, Defendant Fitzpatrick, and Mr. Bowens. Despite the fact that Plaintiff can show that three individuals were working at the same time for Defendant employer on at least this one occasion, this is insufficient to prove "employment" under the Act. First, it is contested whether Defendant Fitzpatrick was an employee. While the trial court concluded that Defendant Fitzpatrick was not an employee pursuant to N.C. Gen.

**WOODLIFF v. FITZPATRICK**

[205 N.C. App. 192 (2010)]

throughout the period. Moreover, there is evidence that some of these individuals performed work for F & W Properties, a distinct entity and separate business co-owned by Defendant Fitpatrick, and the imprecise testimony renders it indecipherable who actually worked for Defendant employer and when they did so. Pursuant to the mandates of *Patterson*, the purpose of the Act would not be accomplished by making it applicable to Defendant employer just because he "may have had, in the total number of persons entering and leaving his service during the period, more than the minimum number required by the Act."

Even assuming *arguendo* that three or more individuals worked for Defendant with some constancy, Plaintiff presented insufficient evidence that any of the other individuals working with him on projects for Defendant were employees rather than subcontractors. Plaintiff contends that because the Commission found that *he* was an employee rather than a subcontractor (to which Defendant cross-assigns as error), it is "plainly illogical" to conclude that the other individuals were not employees. While Plaintiff argues that "the evidence is uncontroverted that all of the people who worked on projects for the defendant were treated exactly the same way," when asked at the hearing whether he had "any witnesses here that would include people who worked with you who would be in a similar situation to you," Plaintiff replied in the negative. We acknowledge that the other workers signed the same "Subcontractor's Agreement" but also submitted weekly time sheets as did Plaintiff. Plaintiff, however, presented far more evidence on his own status as an employee that is lacking with regard to the other individuals. While the testimony reveals that Plaintiff was paid an hourly wage based upon the hours recorded on his time sheet at a rate of $13.00 with copies of his weekly checks from Defendant submitted as exhibits; Defendant provided tools and equipment for Plaintiff to use during the duration of his employment; Defendant Fitzpatrick supervised Plaintiff on an almost daily basis and controlled how Plaintiff performed his job and how he was paid; Plaintiff did not work for anyone else during his

Stat. § 97-2(2), presumably referring to the provision allowing sole proprietors to *elect* coverage by the Act, Defendant Fitzpatrick's own answer to Plaintiff's interrogatories contradicts that conclusion. Defendant Fitzpatrick wrote: "The Sole proprietorship "Custom Woodworks Unlimited" has had no employees *other than sole proprietor Thomas S. Fitzpatrick*." However, we need not address the question of whether Defendant Fitzpatrick was an employee of Defendant employer because, as discussed *infra*, there is insufficient evidence that Mr. Bowens was an employee rather than a subcontractor. Therefore, even if Defendant Fitzpatrick could be counted as an employee, Plaintiff would still only be able to show two regular employees.

time under Defendant's employ or have an independent business as a carpenter nor did he hire any assistants to help him with his work for Defendant; and Plaintiff displayed a magnetic sign reading "Custom Woodwork Unlimited" on the side of his personal truck, the record is devoid of similar evidence pertaining to the remaining workers. *See Hayes v. Elon College,* 224 N.C. 11, 16, 29 S.E.2d 137, 140 (1944) (setting forth the factors to be considered when deciding the degree of control exercised by an employer to determine whether a person is an employee or independent contractor); *see also Durham,* 59 N.C. App. at 168-69, 296 S.E.2d at 6 (holding under similar facts that an employer-employee relationship existed within the provisions of the Act).

It is true that the document labeled "Subcontractor's Agreement" does not automatically designate the relationship between the parties to be one of general and subcontractor and that, rather, the actual relationship between the parties is determinative. *See Williams,* 133 N.C. App. at 629, 516 S.E.2d at 191 ("Notwithstanding, however, how the parties may have designated their relationship, the actual relationship created by the agreement is a legal question."). Plaintiff, however, failed to present even the minimal amount of evidence that would allow us to engage in an analysis pursuant to *Hayes* and determine whether Defendant likewise had the authority to exercise sufficient control over the other workers such that they were also employees.

Although Plaintiff acknowledges that he, as the claimant, had the burden of proving that an employment relationship existed at the time the accident occurred, *see Hughart v. Dasco Transp., Inc.,* 167 N.C. App. 685, 689, 606 S.E.2d 379, 382 (2005), he incorrectly claims that because he met that burden, N.C. Gen. Stat. § 97-3 requires this Court to presume Defendant regularly employed three or more employees. *See* N.C. Gen. Stat. § 97-3 (2007) ("[E]very employer and employee, *as hereinbefore defined* and except as herein stated, shall be presumed to have accepted the provisions of this Article . . . and shall be bound thereby." (emphasis added)). Plaintiff argues that once he proves that he is an employee, Defendant "can escape liability in this case only by proving that he did not have three or more employees," essentially attempting to shift the burden of proof Defendant. Plaintiff's contention, however, is directly contrary to the above-stated controlling precedent, which bestows upon the claimant the burden of proving "employment" under the Act, and Plaintiff is mistaken in reasoning that § 97-3 creates any presumption thereof

so as to confer jurisdiction over the claim to the Commission. Additionally, Plaintiff attempts to invoke the rule laid down in *Johnson v. Hosiery Company*, 199 N.C. 38, 40, 153 S.E. 591, 593 (1930), that the Act is to be liberally construed with a view toward providing compensation. However, it is well established that "the rule of liberal construction cannot be extended beyond the clearly expressed language of the [A]ct," *Gilmore v. Board of Education*, 222 N.C. 358, 366, 23 S.E.2d 292, 297 (1942), nor can it "be carried to the point of applying an act to employments not within its stated scope, or not within its intent or purpose, *Wilson v. Mooresville*, 222 N.C. 283, 290, 22 S.E.2d 907, 913 (1942). Our Supreme Court has rebuked Plaintiff's specific argument:

> But plaintiffs insist that the rule of liberal construction applies in cases arising under the Workmen's Compensation Act and that this rule should be invoked to resolve any doubt in favor of plaintiffs. In answer to this argument we need only to point out that this rule is an interstitial one, benefiting [sic] the injured party only in those cases where the Act applies. It cannot be invoked to determine when the Act does apply.
>
> The doctrine of liberal construction arises out of the Act itself, and relates to cases falling within the purview of the Act. Until it is adjudicated affirmatively that the employer-employee relationship existed at the time of the accident no construction or interpretation of the Act—liberal or otherwise—comes within the scope of judicial inquiry.

*Hayes*, 224 N.C. at 19, 29 S.E.2d at 142. Accordingly, we reject Plaintiff's contentions that we should act under a presumption of jurisdiction when weighing the evidence and that we should resolve any doubt in his favor. Where the burden of proving "employment" under the Act unquestionably fell upon Plaintiff, we conclude that he failed to meet his burden of presenting sufficient evidence to show Defendant regularly employed three or more employees with some constancy throughout the period. Plaintiff also presented insufficient evidence that the named individuals were similarly situated to him, or that they worked pursuant to Defendant's control based on other facts, in order to demonstrate that they even qualified as employees under the Act before we can be asked to count them. Therefore, we hold Defendant was not subject to the Act at the time of Plaintiff's injury by accident and affirm the Full Commission's opinion denying Plaintiff's claim on the basis of a lack of jurisdiction.

In view of our decision, we need not address Defendant's cross-assignments of error.

Affirmed.

Chief Judge MARTIN and Judge JACKSON concur.