MILLS v. TRIANGLE YELLOW TRANSIT

[230 N.C. App. 546 (2013)]

J.D. MILLS, Employee, Plaintiff

v.

TRIANGLE YELLOW TRANSIT and HAROLD DOVER, Employer, NONINSURED,
and HAROLD DOVER, Individually, Defendants

No. COA13-617

Filed 19 November 2013

1.  **Workers' Compensation—taxi driver—employee—not independent contractor**

    The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff taxi driver was an employee instead of an independent contractor. While the pertinent ordinance regulated part of plaintiff's relationship with defendants, defendants controlled other manners and methods of plaintiff's work to a degree sufficient to establish an employer-employee relationship.

2.  **Workers' Compensation—employer subject to Act—requisite number of employees**

    The Industrial Commission did not err in a workers' compensation case by concluding that defendant employer had the requisite number of employees to be subject to the Workers' Compensation Act under N.C.G.S. § 97–2(1).

3.  **Workers' Compensation—penalties—employer failure to have insurance**

    The Industrial Commission did not err in a workers' compensation case by assessing penalties against defendants pursuant to N.C.G.S. §§ 97-93, 97-94(b), and 97-94(d) for failure to have workers' compensation insurance.

Appeal by defendants from Opinion and Award entered 14 January 2013 and order entered 8 February 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 October 2013.

*Younce & Vtipil, P.A., by Robert C. Younce, Jr., for plaintiff.*

*Hedrick Gardner Kincheloe & Garofalo, L.L.P., by Vachelle D. Willis and M. Duane Jones, for defendants.*

Elmore, Judge.

Triangle Yellow Transit, Inc., and its owner, Harold Dover, (collectively defendants) filed timely notice of appeal to this Court on 8 March 2013 from the 14 January 2013 Opinion and Award of the Full Commission (the Commission) and the 8 February 2013 order denying defendants' motion to reconsider. After careful review, the Opinion and Award by the Commission and its order denying defendants' motion to reconsider are affirmed.

## I.  Background

In December 2009, defendants hired John D. Mills (plaintiff) as a taxi driver in addition to at least six other drivers who already worked for defendants. Defendants owned, maintained, and insured all of the taxis. Each driver worked according to a schedule set by defendants, and almost none of the drivers were allowed to take the taxis home once their shift ended. Actions by the drivers that fell outside of company policy resulted in reprimands by defendants. Defendants created a pay structure with each driver individually, whereby collected fares were divided equally with defendants. Drivers received their share of payment by check on Fridays.

In addition to their own requirements, defendants also had to comply with the Taxicab Control Ordinance of the City of Raleigh (the Ordinance). In part, the Ordinance mandated that 1.) taxi drivers comply with customer requests "as to the speed of travel, and . . . the route to be taken[,]" 2.) taxi drivers not refuse service to any "orderly person[,]" and 3.) taxi companies maintain insurance on the vehicles.

After plaintiff dropped off his last customer on 23 May 2011, he was injured in a motor vehicle collision while traveling through a green light on Morgan Street in Raleigh. Plaintiff's injuries included a fractured clavicle, minor head injury, and lumbosacral strain. As a result of said injuries, plaintiff had surgery and follow-up treatment, which included physical therapy.

Plaintiff filed a "Notice of Accident to Employer and Claim of Employee" on 8 June 2011, alleging that he sustained injuries in a motor vehicle accident on 23 May 2011. Plaintiff also filed a "Request that Claim be Assigned for Hearing" alleging that defendants were uninsured. Defendants replied with a "Response to Request That Claim be Assigned for Hearing[,]" contending that plaintiff was not an employee. Thereafter, Deputy Commissioner Adrian Phillips conducted a hearing and filed an Opinion and Award on 28 June 2012, concluding that 1.) plaintiff was an employee of defendants; 2.) plaintiff suffered a compensable injury;

and 3.) penalties be assessed to defendants for failing to carry workers' compensation insurance in violation of N.C. Gen. Stat § 97-93.

On 2 July 2012, defendants gave notice of appeal to the Commission. The Commission heard the matter and filed an Opinion and Award on 14 January 2013, affirming with modifications the Opinion and Award of Deputy Commissioner Phillips. Defendants then filed a motion for reconsideration, which was denied by the Commission in an order entered 8 February 2013.

## II. Analysis

### a.) Plaintiff was an employee

[1] Defendants first argue that the Commission erred in its legal conclusion that plaintiff was their employee instead of an independent contractor. Specifically, defendants aver that the Commission erred in "attributing controlling conduct to [defendants] rather than the Ordinance." We disagree.

Review of an Opinion and Award of the Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson*, 265 N.C. at 433-34, 144 S.E.2d at 274. However, jurisdictional facts, even if supported by competent evidence, are "not conclusive on appeal[.]" *Cain v. Guyton*, 79 N.C. App. 696, 698, 340 S.E.2d 501, 503 *aff'd*, 318 N.C. 410, 348 S.E.2d 595 (1986).

"[T]he Commission has no jurisdiction to apply [the Workers' Compensation Act] to a party who is not subject to its provisions." *Williams v. ARL, Inc.*, 133 N.C. App. 625, 628, 516 S.E.2d 187, 190 (1999) (citation omitted). A determination as to whether a relationship between parties is one of an employer-employee is a jurisdictional question. *Hughart v. Dasco Transp., Inc.*, 167 N.C. App. 685, 689, 606 S.E.2d 379, 382 (2005) (citation omitted). Furthermore, "[w]hether an employer had the required number of employees to be subject to the Workers' Compensation Act is a question of jurisdiction[.]" *Grouse v. DRB Baseball Mgmt., Inc.*, 121 N.C. App. 376, 378, 465 S.E.2d 568, 570

(1996) (citation omitted). Thus, we must "review the evidence and make an independent determination" of the jurisdictional facts. *Id.*

"[W]hether a relationship is one of employer-employee or independent contractor turns upon the extent to which the party for whom the work is being done has the right to control the manner and method in which the work is performed." *Williams,* 133 N.C. App. at 630, 516 S.E.2d at 191 (citation and quotation omitted). Factors relevant in analyzing "the degree of control exercised by the hiring party" are whether the employed

> (a) is engaged in an independent business, calling or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

*Id.* (citation and quotation omitted). None of these factors are determinative by itself, but each must be considered in the totality of the circumstances to determine whether "the claimant possessed the degree of independence necessary for classification as an independent contractor." *McCown v. Hines,* 353 N.C. 683, 687, 549 S.E.2d 175, 178 (2001).

In support of their argument, defendants rely heavily on *Alford v. Victory Cab Co.,* in which we ruled that a taxicab driver was an independent contractor because "the right of control did not rest in Victory[,]" the defendant cab company. *Alford v. Victory Cab Co.,* 30 N.C. App. 657, 661, 228 S.E.2d 43, 46 (1976). Defendants aver that the *Alford* decision turned on Victory's lack of control due to "the City of Charlotte Municipal Code [the Charlotte Code] . . . which regulated the licensing of taxicab companies and the conduct of taxicab drivers." Similarly, defendants contend that the Ordinance controlled their relationship with plaintiff.

Defendants' reliance on *Alford* is misplaced. While "[m]uch of the relationship between Alford and Victory was controlled by [the Charlotte Code]," this Court also relied on facts outside the constraints of the Charlotte Code in deciding that the cab driver was an independent contractor: 1.) Victory "had no supervision or control over the manner

or method claimant chose to operate that cab[;]" 2.) the cab driver completely controlled his work schedule and he "could disregard the radio dispatcher, use the cab for his own purposes during the time it was rented, and he kept all the fares and tips he earned." *Id.* at 658-661, 228 S.E.2d at 44-46.

Here, unlike in *Alford*, plaintiff did not rent a taxi from defendants. Defendants maintained and owned the taxis driven by plaintiff. Plaintiff could not set his own wages and was required to give defendants fifty percent of all his earned fares at the end of each week. Defendants set the work schedule and required plaintiff to start work at 6:00 P.M. for six days each week. During plaintiff's tenure with defendants, he did not have another job. Defendants mandated that plaintiff provide advance notice to them if he wanted a vacation and would reprimand plaintiff for acting in contravention of their policies. Plaintiff was not allowed to use the taxi for his own personal purposes and picked it up from defendants' office each day and returned it to the same location at the end of his shift. Finally, when plaintiff drove the taxi, he was required to follow service routes and pick up customers based on the commands of defendants' dispatcher. Thus, while it is true that the Ordinance regulated part of plaintiff's relationship with defendants, we hold that defendants controlled other manners and methods of plaintiff's work to a degree sufficient to establish an employer-employee relationship. *See State, ex rel. Employment Sec. Comm'n v. Faulk*, 88 N.C. App. 369, 375, 363 S.E.2d 225, 228 (1988) (holding that an employer-employee relationship existed where cab drivers had no personal equity in the business, drove similarly designed company taxis, did not have a separate business listing on company cards, were restricted by geography on service routes, and lacked overall "flexibility" in work environment); *See also Capps v. Se. Cable*, ___ N.C. App. ___, ___, 715 S.E.2d 227, 238-39 (2011) (finding that claimant was an employee where he did not have a separate business, had no control over work schedule, could not take time off without permission from employer, and reported to employer's office each day). Thus, the Commission did not err in concluding that plaintiff was defendants' employee.

## b.) The Other Drivers Were Also Employees

**[2]** Defendant next argues that the Commission erred in concluding that it had the requisite number of employees to be subject to the Workers' Compensation Act (the Act). We disagree.

Under N.C. Gen Stat. § 97–2(1), "an employer is subject to the provisions of the Act if it regularly employs three or more employees."

*Woodliff v. Fitzpatrick*, 205 N.C. App. 192, 194, 695 S.E.2d 503, 505 (2010). The burden is on the plaintiff to establish that the defendant regularly employed at least three employees throughout plaintiff's employ. *Id.* at 194-95, 695 S.E.2d at 505 (citation omitted). Evidence from the record must "affirmatively appear to[] sustain the jurisdiction" of the Commission. *Chadwick v. N. Carolina Dep't of Conservation & Dev.*, 219 N.C. 766, 767, 14 S.E.2d 842, 843 (1941) (citations omitted). Regular employment "connotes employment of the same number of persons throughout the period with some constancy." *Walker v. Town of Stoneville*, 211 N.C. App. 24, 38, 712 S.E.2d 239, 249 (2011) (citation and quotation omitted) *review withdrawn*, 717 S.E.2d 388 (2011) and *review withdrawn*, 731 S.E.2d 834 (2011).

Our analysis of the record shows that in addition to plaintiff, the other drivers constituted three or more employees necessary to subject defendants to the Act. Testimony relating to the other drivers' employment status was similar to the evidence elicited about plaintiff's employment with defendants. Plaintiff testified that during the course of his employment, defendants had between six and eight drivers working for them. When describing how the drivers were paid, plaintiff testified that "on Thursday we'd turn in our sheets with the trips. And on Friday we would pick up – pick up our check. The pay was split fifty fifty." Plaintiff also described how the drivers were subject to twelve-hour shifts by defendants. Defendant Dover reaffirmed plaintiff's testimony by stating that the fare system consists of a fifty-fifty split and that "we have schedules" for all of the drivers. Defendant Dover also admitted that he had an expectation for all drivers to arrive and leave the job pursuant to their dictated schedules. Furthermore, if any driver received complaints from customers, defendant Dover testified that he would reprimand that driver. He also told the Commission that none of the drivers pay for rent, insurance, or maintenance on the taxis because defendants own the vehicles and handle those responsibilities. As for personal use of the taxis, defendant Dover testified that he only allowed three drivers to take cars home after they "show[ed] some sign of responsibility." In sum, this evidence indicates that defendants controlled the manner and method of the other drivers' work in that defendants owned and maintained the taxicabs, established the drivers' pay system, dictated their work schedule, punished them for poor work performance, and rarely allowed the drivers to utilize the taxis for personal use. Thus, the Commission did not err in concluding that defendant regularly employed at least three or more employees during the relevant time period. *See Woodliff*, 205 N.C. App. at 199, 695 S.E.2d at 508 (ruling that sufficient evidence must show that 1.) the "[d]efendant

regularly employed three or more employees with some constancy throughout the period" and 2.) other individuals "were similarly situated to [the plaintiff], or that they worked pursuant to [d]efendant's control based on other facts" in order for defendant to be subject to the Act).

## c.) Penalties for Failing to Maintain Workers' Compensation Insurance

**[3]** In their last argument on appeal, defendants argue that the Commission erred in assessing penalties against them pursuant to N.C. Gen. Stat §§ 97-93, 97-94(b), and 97-94(d) because they were not required to have workers' compensation insurance. We disagree.

Defendants' argument is based solely on the assumptions that plaintiff was not their employee, and defendants did not employ three or more employees as required by the Act. Because we have already ruled that plaintiff and the other drivers constitute at least three employees subjecting defendant to the Act, defendants' argument necessarily fails.

## III. Conclusion

In sum, the Commission did not err in concluding that 1.) plaintiff was an employee of defendants; 2.) defendants had the requisite number of employees to be subject to the Act; and 3.) penalties must be assessed to defendants for their failure to carry workers' compensation insurance. Thus, we affirm the Commission's Opinion and Award and its order denying defendants' motion to reconsider.

Affirmed.

Judges McCULLOUGH and DAVIS concur.